## COMMONWEALTH *vs.* ELIZABETH FITZPATRICK.

Norfolk.   Nov. 23, 1885. — Jan. 7, 1886.   DEVENS & GARDNER, JJ., absent.

At the trial of a complaint for keeping a tenement used for the illegal sale and illegal keeping of intoxicating liquors, a witness testified, for the government, that she had several times procured liquor at the defendant's house ; and that she went to the house on a certain day to get liquor. On cross-examination, she denied that she had ever been forbidden by the defendant to go to his house, and also denied that she had any ill feeling towards the defendant. The defendant offered to prove that, at one time several months before the time of the alleged offence, when the witness had gone into the defendant's yard to get water, the defendant had ordered her to leave the yard, and to keep out of it in future. The judge excluded the evidence offered. *Held*, that the defendant had no ground of exception.

At the trial of a complaint for keeping a tenement used for the illegal sale and illegal keeping of intoxicating liquors, an officer, who searched the defendant's premises and made a seizure of liquors, was asked, on cross-examination, whether,

at that time, he had reason to believe, and believed, that there were other places in the town where liquors were sold in violation of law, and where no search or seizure had been recently made by him. This question was excluded. *Held,* that the defendant had no ground of exception.

W. Allen, J. The defendant was charged with keeping and maintaining a common nuisance, namely, a tenement, between January 1 and March 9, 1885, used for the illegal sale and illegal keeping of intoxicating liquors.

One Lamire testified, for the government, that she had several times procured liquor at the defendant's house; and that she went to the house on March 4 to get liquor. On cross-examination, she denied that she had ever been forbidden by the defendant to go to her house, and also denied that she had any ill feeling towards the defendant. The defendant offered to prove that, at one time in the course of the summer before the time of the alleged offence, when the witness had gone into the defendant's yard to get water, the defendant had ordered her to leave the yard, and to keep out of it in future. The court excluded the evidence, and, we think, rightly. It was not competent for the purpose of contradicting the testimony of the witness that she had not been forbidden the house; it was not a declaration or act of the witness competent for the purpose of showing ill-will by her toward the defendant; and the fact that the witness had been ordered not to come to the defendant's yard for water was not material upon the question whether she did, six months afterwards, go to the defendant's house for liquor.

The question put, on cross-examination, to the witness Chadwick, an officer who searched the defendant's premises and made a seizure of liquors, whether, at that time, he had reason to believe, and believed, that there were other places in the town where liquors were sold in violation of law, and where no search or seizure had been recently made by him, was upon collateral and immaterial matter, which the court in its discretion could reject or admit; and no exception lies to its exclusion.

*Exceptions overruled.*

*E. Greenhood,* for the defendant.

*H. N. Shepard,* Assistant Attorney General, (*E. J. Sherman,* Attorney General, with him,) for the Commonwealth.