AMERICAN WOOLEN COMPANY *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   November 21, 1905. — January 4, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Witness*, Cross-examination.   *Practice*, *Civil*, Discretion of court.

In an action by a manufacturer against a railroad company for an alleged failure to deliver three car loads of coal entrusted to the defendant as a common carrier for delivery to the plaintiff as part of sixty-one car loads, where the plaintiff and the defendant rely respectively on records of the receipt and of the shipment and delivery of car loads of coal, the plaintiff's records not including the car loads in question and the defendant's records including them, it is within the discretion of the trial judge, sitting without a jury, to refuse to allow the plaintiff, for the purpose of showing inaccuracy in the defendant's records, to cross-examine a witness for the defendant to prove that a certain car, not shown to have contained any part of the shipment of coal, was entered as having been sent between the point of shipment and the point of destination as a part of the train on which the shipment was made, when in fact it never had been sent, the

judge having permitted the plaintiff to show that any car which was received at the point of destination as a part of this train either was not recorded or was recorded erroneously.

A presiding judge is free to exercise his discretion in refusing, on objection made, to allow cross-examination upon a collateral matter, although testimony similar in character to that excluded has been admitted without objection on the other side.

TORT for an alleged failure to deliver three car loads of coal entrusted to the defendant as a common carrier for delivery to the plaintiff. Writ dated July 12, 1904.

The answer contained a general denial and, by amendment, an allegation that the defendant had delivered to the plaintiff the coal referred to in the declaration. In the Superior Court the case was tried before *Hardy*, J., without a jury. He found for the defendant; and the plaintiff alleged exceptions to the exclusion of certain evidence which is described in the opinion.

*R. L. Raymond*, for the plaintiff.

*A. R. Tisdale*, for the defendant, submitted a brief.

SHELDON, J. This is an action for the non-delivery of seventy-four tons of coal received by the defendant as a common carrier at Salem and shipped to the plaintiff at Lawrence, in three cars, numbered 5512, 7141 and 21607. These car loads were part of a shipment to the plaintiff at Salem of coal from the barge Sagua, which comprised in all sixty-one cars. The plaintiff had two tracks on its property, on which the defendant was accustomed to deliver freight, which were connected with the defendant's tracks by a bridge over a canal, and cars were considered by both parties to be delivered to the defendant only when they had been set across this bridge. The question in dispute was whether these three cars had been so delivered. The judge of the Superior Court before whom the case was tried without a jury found for the defendant; and the plaintiff alleged exceptions to the exclusion of certain evidence.

The plaintiff put in evidence that records of coal cars delivered to it were kept by two men, one of whom, named Serdorfsky, entered the numbers of cars as they were put upon the plaintiff's tracks, and the other took the numbers of the cars as they were unloaded, on slips of paper which he later compared with the entries on the first man's book; that the

records of both these men showed the receipt of the other fifty-eight cars but not of these three; and that on the day in question special search was made for these three cars, because of the fact that they were listed with other cars on postal cards sent from the defendant's wharf at Salem notifying the plaintiff of shipments of coal. On the other hand it appeared from the records of the defendant that the numbers of the cars consigned to the plaintiff were taken at South Lawrence, some distance from the plaintiff's mills, upon their arrival there; that a list was made of these cars when placed in a switching train, and given to the conductor of that train, and that these three cars appeared in this list as having been sent in a switching train which left South Lawrence on the afternoon of December 1, 1902. One Wilson, a brakeman of the South Lawrence switching train, testified that he wrote down in a book the numbers and destination of the cars in that train, and put down on a paper called his switching list the numbers of the cars which were delivered on the plaintiff's tracks, and copied this list into his book in the evening, and that this list included the numbers of the three cars in question; and he testified from his records that these cars were delivered that day on the plaintiff's tracks.

The defendant also by this witness put in evidence to show that some thirty cars of this shipment, which according to the plaintiff's records had been delivered on these tracks on the first day of December, were actually delivered on the second day of that month, and that he had seen cars put upon those tracks without Serdorfsky's taking their numbers or a record of them. This evidence was admitted without objection. The bill of exceptions then states that " the defendant was permitted to put in evidence by several witnesses that cars other than the three in question, but comprised in the same shipment, were listed on the plaintiff's records as received on December 1, when it appeared from the defendant's records that they were not delivered until December 2. An illustration of this is found in the testimony of Wilson " above stated. " On the other hand the plaintiff was not permitted to cross-examine the defendant's witnesses for the purpose of showing inaccuracy of the defendant's records in respect to the same shipment, namely,

coal from the barge Sagua. If he had been allowed to cross-examine on this point, counsel for the plaintiff would have shown that according to the defendant's records a certain car numbered 6608 had been sent from Salem and received at South Lawrence, when as matter of fact this car had never been sent, and appeared on the Boston and Maine records in error." And the bill then sets out in detail the testimony offered and excluded.

We think it appears from this that the judge refused to allow the plaintiff to show that a car numbered 6608, not claimed to have contained any part of this shipment of coal, was erroneously stated on the defendant's record to have been included in the train on which the shipment was made, when in fact it had not been sent from Salem and had not been received at South Lawrence; but did allow the plaintiff to show that any car which had been received at South Lawrence as a part of this train was either not recorded or was recorded erroneously.

We think that all this evidence was offered merely to show a mistake in the defendant's records upon a matter which was immaterial in this case, as it was not claimed that this car numbered 6608 contained any of the coal shipped to the plaintiff, or was stated in the defendant's records to have been consigned to the plaintiff or to have been delivered to the plaintiff. The only effect, if admitted, would have been to show that there had been a mistake made in the defendant's records of the cars included in a freight train from Salem to South Lawrence, by including in the train a particular car which was not actually a part of it. This was purely a collateral matter, and it was none the less a collateral matter because that train was in fact made up of cars which were afterwards to be sent from South Lawrence to the plaintiff. It was within the judge's discretion to limit or exclude cross-examination as to this question. *Commonwealth* v. *Fitzpatrick*, 140 Mass. 455. *Levin* v. *Vannevar*, 137 Mass. 532. *Tuttle* v. *Lawrence*, 119 Mass. 276.

The plaintiff has argued that this testimony was competent as of right, to impeach or discredit the defendant's records by showing a specific mistake in them, and contends that it is analogous to the right to impeach the general character of a witness by evidence of specific instances of wrongdoing not themselves relevant to the issue on trial. But that never has

been allowed as a matter of right in this Commonwealth. *Holbrook* v. *Dow*, 12 Gray, 357.

The plaintiff also contends that it does not appear that the ruling of the court excluding the testimony was the result of an exercise of judicial discretion; that the judge did not exercise a fair judicial discretion, but acted arbitrarily; and that precisely the same sort of testimony was admitted to discredit the plaintiff's records. But we do not think that these contentions are made out.

The testimony admitted to discredit the plaintiff's records was all received without objection. And while it is manifest that the judge did not at first understand the plaintiff's offer of proof, and was then disposed to admit the testimony offered, we do not think that the exceptions show that he did not fully understand the plaintiff's offer when he made his final ruling, or that his ruling was not made as a matter of discretion and in the proper exercise of his discretion.

In spite of the statement in the exceptions already quoted, we do not think that it appears from the report afterwards made in the exceptions of the nature and extent of the testimony offered "that the plaintiff was not permitted to cross-examine the defendant's witnesses for the purpose of showing inaccuracy of the defendant's records in respect to the same shipment." We think that what the plaintiff was not allowed to do was to show such an inaccuracy with reference to another car in no way connected with this shipment, though it may have been erroneously stated in the defendant's records to have been included in the same train.

The plaintiff's other exception has not been argued, and appears to have been waived.

On the whole we are of opinion that the order must be

*Exceptions overruled.*