THOMAS STRETTON *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

MARION S. STRETTON *vs.* SAME.

Norfolk. March 4, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Verdict, Exceptions. *Negligence,* Railroad, Automobile.

The declaration in an action of tort against a railroad company, to recover for injuries alleged to have been received by the plaintiff in a collision between his automobile and a train of the defendant at a grade crossing of the railroad with a public way, contained two counts, the first being based upon allegations of failure on the part of the defendant's employee to ring a bell or blow a whistle as required by R. L. c. 111, § 268, as the train approached the crossing, and the second upon general allegations of a failure of the defendant to warn the plain-

tiff of the approach of the train. The second count contained an allegation, which was not in the first count, that the plaintiff was in the exercise of due care. The answer, besides a general denial, alleged that the plaintiff was guilty of gross negligence. At the close of all the evidence, the presiding judge, subject to the plaintiff's exception, directed a verdict for the defendant on the second count. The first count was submitted to the jury, who, in answer to specific questions, to the submission of which to the jury the plaintiff did not object, found that the plaintiff was guilty of gross negligence, and that the defendant's employee gave the statutory signals "as required by law." *Held,* that, in view of the findings of the jury on the first count, the defendant's exception to the refusal to submit the second count to the jury must be overruled, since the plaintiff was not harmed by such refusal, even if it were wrong, which the court did not intimate.

TWO ACTIONS OF TORT, the first by the owner and operator of an automobile, to recover for injuries alleged to have been received by him by reason of a collision between the automobile and a train of the defendant at a grade crossing of Oliver Street with the defendant's railroad in North Easton, the second by the daughter of the plaintiff in the first, who also was in the automobile. Writs in the Superior Court for the county of Norfolk dated April 20, 1906.

The first count of the declaration alleged failure on the part of the defendant's employee to ring a bell or blow a whistle as required by R. L. c. 111, § 268, as the train approached the crossing, and the second made general allegations of failure by the defendant to warn the plaintiff of the train's approach. Other facts as to the pleadings are stated in the opinion.

There was a trial before *Crosby,* J., who, at the close of the evidence, directed a verdict for the defendant on the second count, and the plaintiffs excepted.

The first count was left to the jury, the presiding judge submitting to them the following questions, to which no objection was made by the plaintiffs: "1. Were the statutory signals given for the Oliver Street crossing, as required by law? 2. Were the plaintiffs guilty of gross or wilful negligence at the time of the collision, and did the same contribute to their injuries?" The jury answered "Yes" to both questions and found for the defendant.

The only exception by the plaintiffs is to the direction of the verdict for the defendant upon the second count.

*E. F. Leonard,* for the plaintiffs.

*J. L. Hall,* for the defendant.

LORING, J.　These are two actions brought by the occupants of an automobile to recover for injuries caused by a collision with a train of the defendant railroad on a highway crossing. There were two counts in each declaration. The negligence of the defendant counted on in each was failure to ring the bell or blow the whistle.

In the two second counts there was an allegation of due care on the part of the plaintiffs, but there was no such allegation in the first count. The defendant pleaded gross negligence by the several plaintiffs. The presiding judge directed a verdict for the defendant on each of the second counts, and left the first counts to the jury. The jury found for the defendant on the first count in each action, and on special issues left to them found that the statutory signals were given and that the plaintiffs were guilty of gross or wilful negligence.

These findings make the ruling of the presiding judge on the second counts immaterial, and the plaintiffs were not harmed by the ruling, even if it were wrong, which we do not intimate. To render verdicts for the defendant on the first counts, the jury must have found, and they in fact did find, both that the defendant was not negligent and that the plaintiffs were guilty of gross negligence. Under those circumstances there was no liability under the second counts.

*Exceptions overruled.*