WILLIAM WALLACE *vs.* TAUNTON STREET RAILWAY COMPANY.

Bristol.     October 29, 1875.     WELLS & MORTON, JJ., absent.

In an action against a street railway corporation for injuries caused by the act of one of its conductors in wrongfully expelling a passenger from a car, the plaintiff introduced evidence that his knee was injured while he was so expelled ; that in consequence he was confined to his house from four to six months, and was afterwards obliged to walk with crutches. The defendant introduced evidence, in reply, that the plaintiff was seen walking in his dooryard, and the streets, with little apparent lameness and without crutches, within two or three days after the alleged injuries were received, and from time to time within the period named by the plaintiff. The plaintiff, at the close of the defendant's evidence, offered evidence that during that period the witnesses had seen him in his house with his foot upon a pillow, and had helped him from his chair to his bed. It did not appear that this evidence related to the days and times testified to by the defendant's witnesses. *Held*, that this evidence was part of the plaintiff's case, and that it was within the discretion of the judge at the trial to exclude it when offered in rebuttal.

The extent to which a witness may be cross-examined to prove bias rests largely in the discretion of the judge presiding at the trial; and where, in an action against a corporation, it appears that its president and treasurer are members of another corporation having persons in its employ, and the plaintiff's counsel, in cross-examining a witness for the defendant, asks him if he is not an employee of the latter corporation, for the purpose of showing bias, no exception lies to the exclusion of the evidence.

TORT for injuries caused by the act of a conductor of the defendant corporation in expelling the plaintiff from one of its cars, in which he was a passenger. At the trial in the Superior Court, before *Aldrich*, J., the plaintiff introduced evidence tending to show that he was wrongfully expelled from the car by the con-

ductor; that his knee was wrenched and seriously sprained while being so expelled; that he was thereby made very lame, and for some time was unable to walk, and was confined to his house four months or six months before he was able to walk out doors; and that at that time he was still lame and walked with crutches. To establish these facts as to the plaintiff's condition, and to show the extent of his injuries and his incapacity to walk, the plaintiff testified on his own behalf, and called his physician and several other witnesses.

The defendant contended, and introduced evidence tending to show, that the plaintiff was rightfully ejected from the car on account of his improper and disorderly conduct; and in reply to, and in contradiction of, the plaintiff's evidence as to the length of time he was confined to his house and the extent of his injuries, called several witnesses who testified that, within two or three days after the alleged injuries were received, they saw the plaintiff walking in his dooryard, and in the public streets, and that they so observed him walking from time to time during the period of four or six months covered by the plaintiff's evidence, and that at those times he walked with little apparent lameness and without crutches. To contradict and control this evidence of the defence, the plaintiff offered to call several witnesses who would testify that they had seen him from time to time during the four months he said he had been confined to his house, and that they had seen him sitting in his house with his foot resting upon a pillow in a chair, and that they had helped him from his chair to his bed. This evidence was objected to at this stage of the trial, after the close of the defendant's evidence, on the ground that it should have been introduced, if at all, as a part of the plaintiff's evidence in chief, and that it was not competent and had no legitimate tendency to contradict the evidence of the defence. There was no offer to show by these witnesses, whom the plaintiff proposed to call, that they had seen or that they knew the plaintiff was in his house, or elsewhere than the defendant's witnesses swore they had seen him, on the days and times referred to in their testimony. The offered testimony was excluded, and the plaintiff excepted. The plaintiff was allowed, in rebuttal of the defendant's evidence, to testify that he was not out of his house, or in his yard, or on the public streets, on any of the times and

days sworn to by the defendant's witnesses; and full opportunity was given to the plaintiff to call any witness who would say he had seen the plaintiff in his house on any of the days and times aforesaid.

It appeared in evidence that William C. Lovering was president, and Henry M. Lovering was treasurer of the defendant corporation; and it also appeared that they were members of the Whittenton Mills, a manufacturing company doing business in Taunton, and having persons in its employment. In the cross-examination of one of the defendant's witnesses, the plaintiff's counsel asked him if he was not an employee of said Whittenton Mills, for the purpose of showing that he was biased or prejudiced in favor of the defendant corporation; the question was objected to and excluded, as incompetent for the purpose for which it was put, and the plaintiff excepted.

Full instructions, not objected to, were given in regard to all the issues raised by the pleadings and upon every part of the case.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions to the exclusion of the evidence offered by him.

*J. Brown*, for the plaintiff.

*T. M. Stetson & G. E. Williams*, for the defendant, were not called upon.

BY THE COURT. The evidence, offered by the plaintiff in reply, which was excluded by the presiding judge, related to the degree of the plaintiff's injury, and was part of his case, and did not directly contradict any of the testimony introduced by the defendant. It was therefore admissible, at this stage, only in the discretion of the judge, and no exception can be sustained to its exclusion.

The extent to which a witness may be cross-examined to prove bias rests largely in the discretion of the judge presiding at the trial, and the bill of exceptions does not show that such discretion was illegally exercised in this case. It does not even appear that the witness knew that the officers of the defendant corporation were stockholders in the manufacturing company by which he was employed. *Exceptions overruled.*