SARAH E. OAKERSON, DEFENDANT IN ERROR. v. THE
    ATLANTIC  COAST  ELECTRIC  RAILWAY  COMPANY,
    PLAINTIFF IN ERROR.

Submitted March 23, 1909—Decided June 14, 1909.

The plaintiff, while alighting from defendant's car, fell, as she
    claimed, by reason of the negligence of the defendant's employes
    in starting the car while plaintiff was alighting.  This conten-
    tion was controverted by defendant's witnesses.  *Held*, that the
    question was one of fact for the jury.

On writ of error to the Supreme Court bringing up a judg-
ment in favor of the plaintiff.

For the plaintiff in error, *Durand, Ivins & Carton.*

For the defendant in error, *Aaron E. Johnston.*

The opinion of the court was delivered by

MINTURN, J.  On the night of July 27th, 1907, while the
plaintiff, accompanied by her fourteen-year-old boy, was re-
turning from Asbury Park to her home in Neptune City, as
a passenger upon the defendant's trolley car, she was injured
in attempting to step from the running board of the car to
the roadway; to recover damages for which injury she insti-
tuted this suit.  The plaintiff's theory as to the happening
of the accident, viz., by the sudden starting of the car while
she was alighting, was supported by her own testimony, and,
in part, by that of her son.

There was no motion to nonsuit, but defendant proceeded
to contradict the story of the plaintiff by the testimony of
the conductor of the car, who testified that she stepped from
the running board after his caution to her to wait, and fell to
the ground while the car was in motion.  The motorman
testified that after he stopped the car he looked around and
saw the plaintiff upon the ground.  Both testified that the

bell was given in time to stop at Third avenue, where plaintiff and her boy alighted.

Ireland, a witness for defendant, was a passenger upon the car, and noticed the plaintiff's boy alight at Third avenue, after the boy had motioned to the conductor to stop there. The boy got off before the car stopped, and the witness heard the conductor say to the plaintiff, "Don't get off till the car stops." That she looked at the conductor and proceeded to alight while the car was slowly moving. After her fall he saw the conductor approach her, and she said, "I must have stepped on something," and her boy, who had gone ahead without waiting for his mother, returning to her, said, "No, you must have stepped off backwards." This witness also testified that "she got off as the car came to a standstill."

The refusal of the trial court to direct a verdict for defendant upon this state of facts is the main error complained of by defendant, and it will suffice to say, in answer to this contention, that the issue thus presented was entirely one of fact for the jury.

The testimony thus indicated presents a legal *status* in nowise different in its essential aspects from that presented in McCullom *v.* Atlantic City and Seashore Railway Co., and decided at the last term of this court, wherein it was held that whether a passenger upon a trolley car, who has signaled to the conductor to stop, is guilty of contributory negligence in stepping upon the running board of the car before it has stopped, preparatory to alighting therefrom, is, where the facts are in dispute, a question for the jury. And, also, that whether the motorman exercised the care required by law when a passenger was attempting to alight and was thrown, as was there claimed, by a jerk or lurch of the car, is a question for the jury, where the facts are disputed. *McCullom* v. *Atlantic City and Seashore Railway Co.,* ante p. 603; *Whalen* v. *Traction Co.,* 32 *Vroom* 606; *Davis* v. *Camden, &c., Railway Co.,* 44 *Id.* 415.

The record in the case at bar presents essentially the same questions of fact that were presented in the McCullom case, and is, of course, to be controlled by the application of similar principles of law.

In consonance with that determination is a comparatively recent decision of the Federal Supreme Court, wherein it has been held that it is the duty of a street railroad company to stop when a passenger is about to alight, and not to start the car until he has alighted. *Washington and G. R. Co.* v. *Harmon,* 147 *U. S.* 571.

Nor was it error, as claimed by defendant, for the court to charge that the plaintiff was not required to prove her case beyond all reasonable doubt. The exception taken to this portion of the charge was not sealed, but it may be more satisfactorily answered by the statement that the extent of the legal requirement as to proof of negligence is that the plaintiff shall present a *prima facie* case. *Sm. Neg.* 214; *Jag. T.* 1084; *New Jersey Railroad Co.* v. *Pollard,* 22 *Wall.* (*U. S.*) 341; *Turner* v. *Wells,* 35 *Vroom* 269; 16 *Cyc.* 932, and cases cited.

The exception taken to the ruling of the court allowing plaintiff to testify that other operatives in the same line of work received the same amounts she received for similar work, was not irrelevant, but was corroborative of the claim she made, and the exception taken thereto was unsubstantial.

Equally so was that taken to the admission of the inquiry made of the conductor whether the relations existing between him and defendant's witness, Ireland, were intimate or otherwise. This line of testimony was entirely within the sound legal discretion of the trial court, and it is not perceived that the court committed any injurious legal error in admitting it. *Batdorff* v. *Farmers' National Bank,* 61 *Pa.* 179; *Wallace* v. *Taunton Street Railway Co.,* 119 *Mass.* 91; *Schultz* v. *Third Avenue Railroad Co.,* 89 *N. Y.* 242; 16 *Cyc.* 932, and cases cited.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, J.J.   16.

*For reversal*—None.