WILLIAM H. DOOLEY, JR., *vs.* R. W. LAIRD.

Middlesex.     January 14, 1927. — March 3, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Contributory, In use of highway, Motor vehicle. *Agency,* Existence of relation.

At the trial of an action for damage to a milk wagon, there was evidence that early in a morning in May the plaintiff, who was delivering milk at a certain house in a city, had left the wagon unattended while the horse was walking on an adjoining street with the left wheels of the wagon between the rails of a street car track on the right side of the street; that he heard a crash and returned to find the horse detached from the wagon and running away; that marks on the street indicated that the wagon had been struck when in the middle of the car track on its right side of the street ninety feet from the place where the plaintiff had left it, and had been pushed back sixty-two feet in a diagonal direction to the other side of the street; that the defendant was in an automobile, borrowed from the owner by him, with a companion, who, on the companion's offer, was driving; that the defendant and another occupant of the car were intoxicated; that, when the plaintiff returned after seeking a police officer, the defendant and the automobile had disappeared and no name nor address had been left; and that later the automobile was found abandoned in the country. The judge ordered a verdict for the defendant. *Held,* that

(1) There was evidence warranting a finding that the plaintiff was in the exercise of due care;

(2) There was evidence warranting a finding that the driver of the defendant's automobile was negligent;

(3) There was evidence warranting a finding that the defendant was in control of the car and that at the time of the accident it was being used on his business to accomplish the object for which he borrowed it;

(4) A finding for the plaintiff was warranted; and it was error to order a verdict for the defendant.

Tort for damage to a milk wagon caused in a collision with a motor vehicle in control of the defendant at about 5.15 A.M. on May 6, 1923, on Gorham Street in Lowell. Writ dated April 25, 1924.

In the Superior Court, the action was tried before *Greenhalge*, J. Material evidence is stated in the opinion. The judge, at the close of the plaintiff's evidence, ordered a verdict for the defendant and reported the action to this court for determination.

*M. G. Rogers,* for the plaintiff.

No argument nor brief for the defendant.

SANDERSON, J. This is an action to recover damages resulting from a collision between the plaintiff's milk wagon and an automobile, driven by one Butler, in which the defendant and one other person were riding. On the day before the accident the defendant had borrowed the automobile of the owner to run from Massachusetts to New Hampshire for the purpose of making a visit. The accident occurred in the early morning on the return trip while the car was being driven in a southerly direction on a street in Lowell. The defendant stated in answer to interrogatories that Butler offered to drive the car. The street on which the collision took place is about thirty-five feet in width, running north and south, with car tracks so located that the most easterly rail is ten feet and five inches from the curbstone. The plaintiff and his helper left the wagon to deliver milk while the horse was walking northerly with the wagon astride this easterly rail. As they arrived at the back door of the house the plaintiff heard a crash, and on hurrying back to the street saw the horse running in a northerly direction, detached from the wagon which was at the westerly curbing with the automobile against it. Marks on the street indicated that the vehicles came together in the middle of the easterly car track about ninety feet from the place where the plaintiff alighted and that the wagon was pushed in a diagonal direction about sixty-two feet. After the accident the defendant said to the plaintiff that there was no light on the wagon when, in fact, according to the plaintiff's testimony, there was a lighted lantern hanging from its top. The evidence tended

to prove that the defendant and another occupant of the car were intoxicated. The automobile was backed away from the wagon and when the plaintiff, after looking for a police officer, returned to the scene the machine had disappeared with its occupants who left no name nor address. Later the automobile was found about one hundred and fifty feet from the street and a half mile from the place of the accident. The only question to be decided is whether the judge was right in directing a verdict for the defendant. If there was error in that order, judgment is to be entered for the plaintiff in the sum of $255.

The question, whether the plaintiff was negligent in leaving the horse unattended while he went to deliver milk, was for the jury. *Southworth* v. *Old Colony & Newport Railway,* 105 Mass. 342. *Broult* v. *Hanson,* 158 Mass. 17. *Carey* v. *Milford & Uxbridge Street Railway,* 193 Mass. 161. The evidence warranted a finding that the period of time during which the plaintiff was absent was very short and that until the collision the wagon continued to be on the right of the center of the street in the direction in which it was moving. The question of the defendant's negligence also was for the jury. They could have found that he was in control of the car and that at the time of the accident it was being used in his business to accomplish the object for which he borrowed it. Under these circumstances it could have been found that the defendant, by accepting the offer to operate the car, made Butler his agent. The jury could have found that the automobile at the time of the accident was being driven on the left of the center of the road, and an inference that the speed was unreasonable would have been justified by the evidence relating to the distance the wagon was pushed. The evidence relating to the departure of the defendant and his companions without making known their names, and to the abandonment of the automobile soon afterward, was also for the consideration of the jury on the question of negligence.

*Judgment for $255 for the plaintiff.*