BOWMAR'S INC. *vs.* BOARD OF APPEALS OF HINGHAM. April 2, 1962. Decree affirmed. The Hingham board of appeals denied a zoning variance relating to premises now containing (as a nonconforming use in a Residence A district) a public dance hall, currently little used as such. Bowmar's Inc. sought the variance in order to use the premises, for long hours each day, as a sales room and display center for small boats. The trial judge who heard an appeal under G. L. c. 40A, § 21 (as amended through St. 1960, c. 365), reached less definite conclusions than would have been desirable, but ordered that the board be sustained. The evidence, which is reported, and the judge's findings, amply establish that the board acted within its "field of administrative discretion" and that its action was not "unreasonable, whimsical, capricious, or arbitrary." *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. 555, 559–560. See *Bruzzese* v. *Board of Appeals of Hingham,* 343 Mass. 421, 423.

*Gerald E. Bruen* for the plaintiff.

*John R. Hally* for the defendant.

SYDNEY SALAMOFF *vs.* BERNARD L. GODFREY & another. May 2, 1962. Exceptions overruled. This is an action of tort for negligent injury. The plaintiff and the individual defendant were members of the corporate defendant, Parkway Country Club, Inc., called Blue Hill Country Club, in which there was a steel-framed indoor golf practice cage. The plaintiff, who had driven some balls into the cage, either put down the driver, which was picked up by the individual defendant, or handed it to him. The plaintiff went to the rear of the room where he was struck in some manner by a ball while the individual defendant was practising. The judge directed verdicts for the defendants. There was no error. The plaintiff was the player immediately preceding the individual defendant and, although the plaintiff had finished practising, he had not left the room where the cage was when injured. The peril in remaining in what in effect was an enclosed driving range was obvious. The purpose was, of course, to drive into the net, but, as this case shows, there was a risk that all balls would not find the mark. This risk the plaintiff assumed both as to the owner of the premises and as to the following player. *Katz* v. *Gow,* 321 Mass. 666. *Pouliot* v. *Black,* 341 Mass. 531. See *Hietala* v. *Boston & Albany R.R.* 295 Mass. 186, 188–191; *Shaw* v. *Boston Am. League Baseball Co.* 325 Mass. 419.

*Jules E. Angoff* (*Walter J. Hurley* with him) for the plaintiff.

*Louis Karp* (*Arthur L. Murray* with him) for the defendant Parkway Country Club, Inc.

*Bertram A. Sugarman* (*Edward J. Barshak* with him) for the defendant Godfrey.