ISAAC WASHINGTON *vs.* CLARENCE A. SULLIVAN & another. April 1, 1970. The plaintiff was a passenger in a taxicab driven by the defendant Rufus

---

[1] Ann P. B. Fitzgerald.

Cooks when it was struck in the rear by an automobile driven by the defendant Sullivan. He brings this action against both drivers for injuries allegedly sustained in the collision. At the end of the judge's charge to the jury, the plaintiff requested that the jury be further instructed "as to the inferences that may be drawn from the fact that the rear end collision — namely, the elements of excessive speed, failure of equipment, inattention of the operator or travelling too close to the rear of the car —." The request was denied and the plaintiff saved the only exception now before us. The outline bill of exceptions quotes about six lines from the charge to the jury and some fragments of the testimony of the plaintiff and one defendant. It also quotes six pre-trial written interrogatories by the plaintiff and answers thereto by the defendants; but it does not indicate whether they were introduced in evidence at the trial. The trial judge was not required to instruct the jury as to the legal effect of mere fragments of the evidence. *Barnes* v. *Berkshire St. Ry.* 281 Mass. 47, 50–51, and cases cited. *Sullivan* v. *John Hancock Mut. Life Ins. Co.* 342 Mass. 649, 657. *Wadsworth* v. *Boston Gas Co.* 352 Mass. 86, 94. Whether a charge is legally correct or adequate depends on the charge considered as a whole, rather than on mere fragments from it. *Haven* v. *Brimfield*, 345 Mass. 529, 533. *Posner* v. *Minsky*, 353 Mass. 656, 660. No error is shown on this somewhat sketchy record before us which does not include the whole charge to the jury.

*Exceptions overruled.*

J. *Sheffield Dow* for the plaintiff.