JAMES F. McKENNA *vs.* WARD FOODS, INC. September 30, 1971. There was a verdict for the defendant in this action of tort based on injuries received by McKenna, a police sergeant, in a motor vehicle collision. McKenna's attorney filed a motion for a new trial on various grounds including alleged misunderstanding or disregard by the jury of the judge's instructions and jury prejudice against McKenna. The motion was supported by an affidavit of McKenna's counsel concerning a conversation after the verdict with a woman juror in which she revealed (a) jury prejudice against McKenna because he was a police officer, and (b) that she, and perhaps other jurors, had received information, not introduced at trial, about his financial resources. The trial judge, although he stated that he believed the affidavit, denied the motion. There was no error. So far as the motion was based on matter in the judge's charge to which no exception was saved at trial, the motion was without merit. The motion, with respect to alleged general prejudice of jurors against police officers and McKenna, was addressed to the judge's discretion. That discretion was not abused. *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 61. *Pearlin* v. *Farrell,* 356 Mass. 741. There was no "palpable miscarriage of justice" comparable to that considered in *Sharpe, petitioner,* 322 Mass. 441, 445. Our authorities establish that affidavits of jurors, or concerning their noncorrupt conduct, motives, and prejudices (as revealed in their deliberations), if received at all, should be viewed with caution. *Murdock* v. *Sumner,* 22 Pick. 156, 157. *Shears* v. *Metropolitan Transit Authy.* 324 Mass. 358, 361–362. See Wigmore, Evidence (McNaughton rev.) §§ 2349, 2353, 2354; esp. pp. 685, 706–707.

*Exceptions overruled.*

*Nicholas A. Abraham (Chesley Oriel* with him) for the plaintiff.
*William H. Shaughnessy* for the defendant.