CLARK W. WILSON *vs.* BOSTON REDEVELOPMENT AUTHORITY & others. February 15, 1974. This is an action of tort for personal injuries sustained when the plaintiff, sent by his employer at the request of the tenants to make electrical repairs on an elevator, stepped onto a grating at the top of the elevator shaft which gave way. Named as defendants were the Boston Redevelopment Authority (BRA), which owned the premises at

---

the time of the accident, and Sam and Alan Shore, who were the only tenants in the building. The jury returned verdicts for the plaintiff against Alan Shore and for the defendants BRA and Sam Shore. The case is before us on the plaintiff's outline bill of exceptions and is concerned only with the action against the BRA. The sole exception is directed to one sentence in the trial judge's charge to the jury. It is well settled that the charge is to be evaluated as a whole. *Posner* v. *Minsky,* 353 Mass. 656, 660 (1968). *Washington* v. *Sullivan,* 357 Mass. 766 (1970). Isolated fragments of a charge must be examined in their context (in this case in the context of an explanation of the duties owed by a landlord to a tenant at will). *Ouillette* v. *Sheerin,* 297 Mass. 536, 543-544 (1937). So considered, we find no error in the charge; it was not prejudicial to the plaintiff and could not have misled the jury. The liability of the BRA in situations such as the one presented in the instant case is governed by the decisions in *Baum* v. *Ahlborn,* 210 Mass. 336 (1911); *Boudreau* v. *Johnson,* 241 Mass. 12, 15-16 (1922); *Garland* v. *Stetson,* 292 Mass. 95, 98-100 (1935); *Chalfen* v. *Kraft,* 324 Mass. 1, 4 (1949); *Galjaard* v. *Day,* 325 Mass. 475, 476 (1950); and *Kraus* v. *Webber,* 359 Mass. 565, 566-567 (1971). Compare *Waters* v. *Cotting,* 227 Mass. 405 (1917); *Banaghan* v. *Dewey,* 340 Mass. 73, 77-78 (1959); *DiMarzo* v. *S. & P. Realty Corp.* 364 Mass. 669 (1974).

*Exceptions overruled.*

*Frank I. Barber, III,* for the plaintiff.
*William H. Shaughnessy* for the Boston Redevelopment Authority.