CHARLES F. ANDERSON & another *vs.* GERALD R. OSGOOD & others. March 14, 1974. This action of tort for negligence arose out of a collision between the motorcycle ridden by the plaintiffs and the automobile driven by the defendant Gerald R. Osgood (Gerald), in which the defendant Judy B. Shlomberg (Judy) was the only other occupant. The jury returned verdicts for the plaintiffs against both

Gerald and Judy. The case is before us on Judy's bill of exceptions, which alleges error in (1) the refusal of the court to direct a verdict for her, and (2) a portion of the judge's charge to the jury. No question is raised as to the propriety of the verdict against Gerald. 1. There was no error in refusing to direct a verdict. Viewing the evidence in its aspect most favorable to the plaintiff (*Randolph* v. *Five Guys From Boston, Inc.* 354 Mass. 730, 731 [1968]), it could have been found that while Judy and Gerald were returning to Connecticut from a trip to Woods Hole in a car owned by her father, Judy, who had been driving, began to feel ill and requested Gerald to drive. Gerald drove and Judy sat in the passenger seat. From this evidence it could have been found that an agency relationship came into existence by virtue of Judy's request that Gerald operate the vehicle. Restatement 2d: Agency, § 1. Whether an agency relationship exists is ordinarily a question of fact. *Stern* v. *Lieberman,* 307 Mass. 77, 81 (1940). That Judy may not in fact have exercised control over Gerald's operation of the car is not decisive. See *Konick* v. *Berke, Moore Co. Inc.* 355 Mass. 463, 467-468 (1969). Judy's liability as a principal in a situation such as this one is governed by the decisions in *Dooley* v. *Laird,* 258 Mass. 517, 519 (1927); *Wheeler* v. *Darmochwat,* 280 Mass. 553, 556-558 (1932); *Pistorio* v. *Williams Buick, Inc.* 341 Mass. 155, 157-158 (1960); and *Bates* v. *Callahan,* 347 Mass. 772 (1964). 2. From our examination of the record it appears that the only exception taken to the charge was to that portion which concerned the possible existence of a principal-agent relationship between Judy and Gerald. Earlier in the charge the judge had carefully outlined the requisites of the agency relationship; no exception was taken to that part of the charge. After objection was made and exception taken, the judge charged further with respect to the possible agency relationship. No further exception was taken. It is well settled that the charge must be examined as a whole, and that isolated fragments of it cannot be examined out of context. *Wilson* v. *Boston Redevelopment Authy.* 1 Mass. App. Ct. 870 (1974), and cases cited. Considered as a whole, the charge was adequate. When the portion excepted to is read in context it does not appear that the judge misstated the applicable law.

*Exceptions overruled.*

*Thomas D. Burns* (*William H. Clancy* with him) for Judy B. Shlomberg.

*Elliott J. Mahler* for the plaintiffs.