CLARK W. WILSON *vs.* BOSTON REDEVELOPMENT
AUTHORITY & others.

Suffolk.    October 9, 1974. — January 6, 1975.

Present: REARDON, QUIRICO, HENNESSEY, & KAPLAN, JJ.

*Practice, Civil,* Charge to jury.    *Negligence,* One owning or controlling
real estate.    *Landlord and Tenant,* Landlord's liability to tenant or
one having his rights.

Where the plaintiff, an elevator repairman, was injured after stepping on
an insecured grate covering an elevator shaft in a building owned by
the Boston Redevelopment Authority and let to a codefendant, it was
reversible error for the judge to charge the jury that, even if the Boston

---

Redevelopment Authority was in control of the elevator, it had "no duty . . . [to a business invitee] to make . . . physical changes in the property." [591-592]

TORT. Writ in the Superior Court dated April 14, 1967.

The action was tried before *Goldberg,* J.

*Frank T. Barber, III,* for the plaintiff.

*William H. Shaughnessy* for the Boston Redevelopment Authority.

HENNESSEY, J. This is an action in tort brought by the plaintiff to recover for personal injuries sustained by him when he fell into an elevator shaft after the grate or screen positioned over the shaft gave way. The premises were owned by the Boston Redevelopment Authority (B. R. A.). The declaration was in three counts: the first count was against the B. R. A.; the second count was against the defendant Sam Shore as tenant, in part, of the premises in question; the third count named Alan I. Shore as a defendant.

The jury returned verdicts for the defendants B. R. A. and Sam Shore on counts 1 and 2. However, the jury found for the plaintiff against the defendant Alan I. Shore on count 3 in the amount of $26,500.

The case is before us on the plaintiff's bill of exceptions, which was originally entered in the Appeals Court. The single issue raised by the bill relates to that portion of the trial judge's charge to the jury defining the duty of care owed to the plaintiff by the defendant B. R. A. The Appeals Court overruled the plaintiff's exception. *Wilson* v. *Boston Redevelopment Authy.* 1 Mass. App. Ct. 870 (1974). We granted the plaintiff's petition for further appellate review. We conclude that there was error in the charge.

The evidence may be summarized as follows. The defendant Sam Shore had for approximately thirty-five years conducted an egg business at 93-99 Fulton Street, Boston. On September 27, 1965, that property was taken in an eminent domain proceeding by the B. R. A. On April 20,

1966, the tenancy was transferred in name from Sam Shore to Alan I. Shore with the approval of the B. R. A. Under an oral tenancy, Alan I. Shore was to occupy the first and second floors only. However, Alan I. Shore did apparently have use of the elevator. The operating equipment for the elevator was located in a "penthouse" at the top of the elevator shaft. At the time of the accident the elevator was not working. Consequently, Sam Shore, who was working for his son, contacted the George T. McLauthlin Company and the plaintiff was sent to repair the elevator.[1]

Following a preliminary inspection, the plaintiff proceeded to the penthouse to check the electrical equipment housed there. He first checked certain fuses and switches and then moved to the rear of the enclosure, as he testified, to check the slack cable switch. In so moving, he stepped on the grate which covered the elevator shaft. The triangular grate, not fastened by bolts or otherwise, was merely positioned on the shaft. On two sides it was supported against the brickwork of the building; on the third side it lay on an I-beam arrangement. When the plaintiff stepped on the grate, it gave way beneath him and he fell into the shaft, sustaining injury.

In a relatively long and comprehensive instruction, the trial judge charged the jury as to the legal effect of a taking by eminent domain; the legal implications of a tenancy at sufferance as opposed to a tenancy at will; the status of an invitee of a tenant; and the law of negligence including proximate cause, contributory negligence, and damages.

The judge's further instructions permitted the jury to consider whether the B. R. A. was in control of the elevator penthouse where the accident occurred; whether the tenant was one or the other of the Shores; whether the tenancy was a tenancy at will; and whether the plaintiff was working in

---

[1] There was apparently an oral agreement between the B. R. A. and Alan I. Shore relating to maintenance of the elevator. Shore testified that the agreement was limited to the extent that he would make minor electrical repairs; the B. R. A. interprets the agreement more broadly. In any event, apparently attributing the instant failure to such a defect, the Shores summoned the plaintiff, a licensed electrician.

the penthouse as an invitee of the tenant at will.[2] In addition, the charge stated that if all of the foregoing facts were found, then the B. R. A. was under a duty to exercise reasonable care to see to it that the plaintiff was not injured.[3]

The plaintiff's single exception arises out of the judge's language in defining the B. R. A.'s duty of reasonable care owed to the plaintiff in the event that the jury found the B. R. A. to be in control. The judge stated specifically that the B. R. A. had a duty to warn the plaintiff of dangers known to the B. R. A. which were not open and obvious. The plaintiff's exception concerns the additional instruction: "There was no duty . . . to make . . . physical changes in the property or in the pent house or the elevator or in the grate; no duty to make physical changes. A person coming on the premises as a business invitee, if he's been invited to come to that particular place, that particular spot where the accident occurred, takes it as he finds it; no obligation to change the construction or to change the method of doing business."

The B. R. A. argues that we should consider the charge as a whole and that taken as a whole the charge correctly stated the applicable law. We, of course, agree that a charge is to be examined in its totality to determine whether it is a clear and accurate statement of the law. *Gilchrist* v. *Boston*

---

[2] Both the plaintiff and the defendant B. R. A. addressed at some length the issue whether our decision in *Mounsey* v. *Ellard,* 363 Mass. 693 (1973), applies to the facts of this case. Without considering the retroactivity of that decision, we point out that the *Mounsey* case is inapposite here, in light of the single narrow issue that is before us.

[3] It is clear that the judge did not treat this as a case involving a common passageway, probably on the premise that the penthouse was not per se a part of the elevator as a common passageway. Under this approach the rule that a landlord has a duty to use reasonable care to keep the common areas in the condition they were or appeared to be at the time of the letting is inapplicable. However, the question whether the judge's charge treated the case as one concerning a common passageway controlled by a landlord (cf. *Lowe* v. *National Shawmut Bank,* 363 Mass. 74 [1973]) or one where no common passageway is involved (cf. *Gilroy* v. *Badger,* 301 Mass. 494, 496 [1938]; *Ross* v. *Broitman,* 338 Mass. 770, 772-773 [1959]) is not crucial. Under either situation it would be contrary to the law to charge, as the judge in substance did here, that a defendant in control of the premises had no duty under any circumstances "to make physical changes" or "to change the construction."

*Elev. Ry.* 272 Mass. 346 (1930). *Haven* v. *Brimfield,* 345 Mass. 529 (1963). *Washington* v. *Sullivan,* 357 Mass. 766 (1970). However, where a portion of the charge incorrectly states the applicable law, the accuracy of the charge as a whole may be affected. *Posner* v. *Minsky,* 353 Mass. 656, 660 (1968). That the error consists of one rather than ten sentences is irrelevant as is the fact that the statement may be characterized as a fragment of a larger context. Rather the more pertinent inquiry is whether the erroneous statement materially alters the correctness and accuracy of the legal issues charged and whether the error is cured when considered in the context of the complete charge. We are of opinion that the statement that the B. R. A., if determined to be in control of the elevator, owed "no duty to make physical changes" and had "no obligation to change the construction," is error in law and was not rectified by the fuller statement of the instruction.

The clear import of the erroneous instruction which is now challenged by the plaintiff's exception was that the B. R. A., even if found to be in control of the penthouse, had no duty to make repairs. It could be inferred from the charge — indeed almost inescapably an inference arose from the charge — that the B. R. A. could not in any circumstances be charged with a duty of securing the grating by appropriate bolting devices. This is not the state of the law. *Gilroy* v. *Badger,* 301 Mass. 494 (1938). *Regan* v. *Nelson,* 345 Mass. 678 (1963). *Mason* v. *Lieberman,* 349 Mass. 321 (1965). The duty of reasonable care owed the plaintiff by the B. R. A. may well have necessitated that the B. R. A. make some physical changes in the penthouse, including the affixing of appropriate devices to secure the grate over the elevator shaft. The judge's instructions incorrectly informed the jury in this regard.

*Exceptions sustained.*