CLARK W. WILSON *vs.* BOSTON REDEVELOPMENT
AUTHORITY.

Suffolk.     October 7, 1976. — February 9, 1977.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, & WILKINS, JJ.

*Evidence,* Opinion: expert.  *Damages,* For tort, Mitigation.  *Practice, Civil,* Charge to jury.  *Negligence,* One owning or controlling real estate.

In an action by an elevator repairman who was injured when he fell into an elevator shaft after an unsecured gate over the shaft gave way, there was no error in permitting an expert who viewed the con-

ditions at the top of the shaft three months after the plaintiff's fall to testify concerning those conditions and to give his opinion whether the grate had ever been secured. [843]

In an action against the owner of a building by an elevator repairman who was injured when he fell into an elevator shaft in the building, there was no error in excluding evidence of a prior judgment against the tenant on the premises where there was no evidence that the judgment had been paid, in whole or in part, or that the tenant had promised to make any payment on it. [843-844]

In an action against the owner of a building in which the plaintiff was injured, the owner was not prejudiced by the judge's failure to instruct the jury concerning its duty to the plaintiff if the plaintiff was a trespasser where the judge instructed the jury that on the evidence the plaintiff could recover only if he was on the premises rightfully. [844]

In an action against the owner of a building in which the plaintiff was injured, a motion for a directed verdict was properly denied where the evidence warranted a finding that the plaintiff was not a trespasser and that the owner had failed in its duty to inspect and maintain the premises. [844-845]

TORT.    Writ in the Superior Court dated April 14, 1967. The action was tried before *Nelson*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*William H. Shaughnessy* (*Arthur G. Coffey* with him) for the defendant.

*John E. Lecomte* (*Frank T. Barber, III*, with him) for the plaintiff.

WILKINS, J.    In *Wilson* v. *Boston Redevelopment Auth.*, 366 Mass. 588 (1975), we sustained the plaintiff's exceptions to the judge's instructions to the jury concerning the duty of reasonable care owed to the plaintiff by the Boston Redevelopment Authority (BRA). The case has been retried, resulting in a judgment for the plaintiff against the BRA in the amount of $80,000 with interest from April 14, 1967, and costs.

For the purposes of this appeal, it is sufficient to state that the plaintiff sustained personal injuries when he fell into an elevator shaft after the grate or screen over the shaft gave way. The building was owned by the BRA. One Alan I. Shore was a tenant in the building to which the

plaintiff was sent to repair the elevator. The BRA's appeal challenges (1) certain evidentiary rulings, (2) the judge's charge to the jury, and (3) the denial of its motion for a directed verdict. We granted a request for direct appellate review. There was no error.

1. The BRA challenges several rulings concerning the admission or exclusion of evidence. There was no prejudicial error in any of the judge's evidentiary rulings. We need discuss only two of them.

An expert was permitted to testify on behalf of the plaintiff concerning the state of the penthouse at the top of the elevator shaft, its structure, flooring and general condition, as he saw it about three months after the plaintiff's fall. He was also permitted to testify, over objection, whether, when he saw the structure, the grate at the bottom of the penthouse had any means of being secured to the front or the back of the penthouse. He further testified, over objection, that there were no signs that there ever had been any securing device on the grate. The evidence was admitted properly. The witness first described what he saw and then gave his opinion whether the grate, whose fall caused the plaintiff's injuries, had ever been secured. The fact that the witness saw the premises three months after the accident and expressed his opinion whether the grate had ever been secured, based on those observations, goes to the weight of his testimony and not to its admissibility. The witness was qualified to express an opinion concerning the presence or absence of some device to secure the grate at some former time.

The BRA argues that it should have been allowed to admit in evidence a certified copy of the judgment in favor of the plaintiff against Alan I. Shore, the tenant on the premises. That unappealed judgment against Shore in the amount of $26,500 was obtained in the earlier trial. *Wilson* v. *Boston Redevelopment Auth., supra* at 589. The BRA offered no evidence to show that the judgment had been paid, in whole or in part, or that Shore had promised to make any payment on it. In the absence of such evidence,

the prior judgment was not admissible in mitigation of damages. See *Tritsch* v. *Boston Edison Co.,* 363 Mass. 179, 182-183 (1973); *Muzichuk* v. *Liberty Mut. Ins. Co.,* 2 Mass. App. Ct. 266, 276 (1974). The BRA does not argue here that the judgment was admissible on any other theory.[1]

2. The BRA objects to the judge's failure to instruct the jury concerning its duty to the plaintiff if the plaintiff was a trespasser. The judge did not charge on the duty of the BRA to a trespasser. However, the BRA was not prejudiced thereby. The judge in effect instructed the jury that on the evidence the plaintiff could recover only if he was on the premises rightfully.[2]

The judge's charge was not prejudicial to the defendant in any other respect. If, as was warranted, the jury found that the plaintiff was on the premises lawfully, the charge properly described the BRA's duty to him in that circumstance. See *Mounsey* v. *Ellard,* 363 Mass. 693 (1973). The question whether the BRA had control of the penthouse at the top of the elevator shaft properly was left to the jury. There was no evidentiary basis for charging the jury on assumption of the risk,[3] and the judge properly charged the jury on the consequences of the plaintiff's lack of an elevator repairman's license.

3. The BRA's motion for a directed verdict properly was denied. On the evidence most favorable to the plaintiff, the jury could have found that the plaintiff was not a trespasser and that the BRA had failed to inspect and maintain the premises and the grate and to decommission the elevator. We said previously that in these circumstances

---

[1] The BRA does not claim that the plaintiff was limited in his potential recovery at the second trial by the amount of the verdict obtained in the first trial.

[2] We need not consider, of course, whether the charge was adequate from the standpoint of a person, such as the plaintiff, who could have been found to have been an innocent trespasser in the sense that he believed he had the right to be where he was when he fell.

[3] The abolition of the defense of assumption of the risk has no application to this 1966 injury. St. 1973, c. 1123, §§ 1, 2.

the BRA could be found to have a duty to make repairs or other physical changes in the penthouse. *Wilson* v. *Boston Redevelopment Auth., supra* at 592.

*Judgment affirmed.*