WILLIAM R. FORTE *vs.* MUZI MOTORS, INC.

Norfolk.    October 13, 1977. — November 28, 1977.

Present: HALE, C.J., ARMSTRONG, & BROWN, JJ.

*Negligence,* Contributory, Comparative, Assumption of risk, Hydraulic automobile lift.  *Practice, Civil,* New trial, Relief from judgment, Waiver.  *Jury and Jurors.  Waiver.*

At the trial of an action in tort for personal injuries sustained by the plaintiff when his foot was caught beneath a descending hydraulic lift in the defendant's garage, evidence was sufficient to warrant a finding that the plaintiff assumed the risk of his injury. [702-704]

In an action tried under the comparative negligence statute prior to its amendment abolishing the doctrine of assumption of risk, the plaintiff could not complain on appeal that application of the doctrine was contradictory to the scheme created by the statute where he did not raise the issue at trial. [704-705]

TORT.    Writ in the Superior Court dated July 8, 1971.

The action was tried before *Lynch,* J., and motions for a new trial and for relief from judgment were heard by him.

*Edward O. Proctor, Jr.,* for the plaintiff.
*Joseph J. Walsh* for the defendant.

HALE, C.J.    This is an action in tort for personal injuries sustained by the plaintiff when his foot was caught beneath a descending hydraulic automobile lift in the de-

fendant's garage on April 22, 1971. The case was tried to a jury in Superior Court in February, 1976. At the close of the evidence the case was submitted to the jury under the comparative negligence statute,[1] and the jury were requested to return a special verdict comprised of their answers to eleven specific questions.

In their special verdict the jury found that both the defendant and the plaintiff had been negligent and that their negligence had combined to cause the plaintiff's injury. In assessing the comparative negligence of the parties the jury found that the defendant's causal negligence had exceeded the plaintiff's causal negligence by a ratio of fifty-five percent to forty-five percent. The jury also found that the plaintiff had assumed the risk of his injury, and on the basis of that finding the trial judge entered a judgment dismissing the plaintiff's action.

After judgment was entered, the plaintiff filed a motion for a new trial[2] and a motion for relief from the judgment.[3] The judge denied the motions without making findings of fact. The plaintiff now appeals from the denial of those motions,[4] claiming that the judge's failure to grant him relief from the judgment resulted in a miscarriage of justice.

A motion for a new trial is ordinarily addressed to the discretion of the trial judge. *Ellingsgard* v. *Silver*, 352 Mass.

---

[1] General Laws c. 231, § 85 (as appearing in St. 1969, c. 761, applying to actions arising between January 1, 1971, and January 1, 1974).

[2] Pursuant to Mass.R.Civ.P. 59, 365 Mass. 827 (1974).

[3] Pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974).

[4] Assuming, without deciding, that "[t]he denial of a Rule 59 motion is normally appealable only in conjunction with the judgment to which it relates" (*Serzysko* v. *Chase Manhattan Bank,* 461 F. 2d 699, 701 [2d Cir. 1972]; 6A Moore's Federal Practice par. 59.15[1]· [2d ed. 1974]; but see *Sears* v. *Pauly,* 261 F. 2d. 304, 307 [1958]), in the absence of any showing of prejudice to the defendant we treat the plaintiff's appeal from the denial of his motion for a new trial as encompassing an effective appeal from the underlying judgment. *Foman* v. *Davis,* 371 U. S. 178, 181-182 (1962). *Serzysko* v. *Chase Manhattan Bank, supra.* Peabody Coal Co. v. Local 1734, 1508, & 1548 UMW, 484 F. 2d 78, 81-82 (6th Cir. 1973). *Committee for Open Media* v. *FCC,* 543 F. 2d 861, 865 (D.C. Cir. 1976).

34, 39-40 (1967). *Delfino* v. *Torosian,* 354 Mass. 395, 399 (1968). The same is true of a motion for relief from judgment. *Trustees of Stigmatine Fathers, Inc.* v. *Secretary of Admn. & Fin.,* 369 Mass. 562, 565 (1976). *Alaimo* v. *Fredette,* 4 Mass. App. Ct. 866 (1976). Accordingly, we review the judge's denial of the plaintiff's motions to determine whether there has been an abuse of discretion. *McKenna* v. *Ward Foods, Inc.,* 360 Mass. 848 (1971).

1. The plaintiff argues first that the judge abused his discretion in denying the motions because there was no evidence on which the jury could have found that he had assumed the risk of an injury caused in part by the defendant's negligent operation of the automobile lift. The plaintiff concedes that the jury could have found that by entering the working area of the defendant's garage he had assumed a general risk of injury from the dangers typically inherent in that area. Nevertheless, he argues that since he could not have anticipated that the defendant would negligently operate the lift, he could not knowingly have assumed the risk of an injury caused thereby.

There was evidence before the jury from which they could have found the following facts. The plaintiff was a mature and intelligent individual who had been a customer in the defendant's garage on several occasions over a period of years. On the day he was injured the plaintiff brought his automobile to be repaired at the defendant's garage. After arranging for the repairs with an employee at the service desk of the garage, the plaintiff watched from the service desk area as the employee drove the automobile into the working area and onto a fully descended lift. The employee then raised the lift and inspected the underside of the automobile. At that moment the plaintiff walked from the service desk over to the lift upon which his automobile was raised. The plaintiff had not been asked to come into the working area. Two signs requesting that customers remain in the waiting room while their automobiles were being repaired were conspicuously posted within the garage. After a short conversation between the plaintiff and the employee, the plaintiff returned to the service desk area.

Forte *v.* Muzi Motors, Inc.

The employee went to the lift controls and began to lower the lift. After observing that no one was near the lift, the employee abandoned the lift controls while the automobile was descending. During the lift's descent, the plaintiff returned to the working area in order to retrieve some papers which he had left in his automobile. At some point before the lift was fully descended, the plaintiff opened the door to his automobile and reached into it for his papers. As he did so his foot was caught beneath the lift. The plaintiff made his own determination when to enter the automobile. He neither looked to see if the lift controls were manned, nor did he care whether the controls were manned.

We hold that there was sufficient evidence to support the jury's finding that the plaintiff assumed the risk of his injury.[5] The judge properly directed the jury to consider the plaintiff's entire course of conduct in determining whether he had voluntarily assumed the risk of a known and appreciated danger.[6] *Shaw* v. *Boston Am. League Baseball Co.,* 325 Mass. 419, 424 (1950). *Salamoff* v. *Godfrey,* 344 Mass. 750 (1962). The jury could have found that

[5] Although we rule that there was sufficient evidence to support the jury's finding, we reject the defendant's contention in its cross appeal that the judge was in error in failing to grant a directed verdict in favor of the defendant. Under the circumstances of this case the issue of assumption of the risk was properly left for the jury's determination. *Halley* v. *Hugh Nawn, Inc.,* 356 Mass. 28, 30 (1969). *Catania* v. *Barnstable,* 3 Mass. App. Ct. 321, 324 (1975).

[6] Although he made no objection at trial, the plaintiff now challenges the generality of the judge's instructions to the jury regarding assumption of the risk. The plaintiff has included a juror's affidavit in the record which indicates that in the juror's opinion the jury were confused in distinguishing between the plaintiff's assumption of a general risk of injury by his entry into the repair area and his assumption of the specific risk of injury by his entry into his automobile on the lift. We cannot discern from the record whether the judge considered this affidavit in denying the motions. Juror's affidavits should be viewed with caution, if received at all by the trial judge. *Shears* v. *Metropolitan Transit Authy.,* 324 Mass. 358, 361-362 (1949). *McKenna* v. *Ward Foods, Inc.,* 360 Mass. 848 (1971). The judge had correctly instructed the jury both as to the definition of assumption of the risk and as to the effect that a finding of assumption of the risk would have on the plaintiff's recovery. The time to have objected to the instructions or to request that they be supplemented was immediately after they were given and not in the manner employed here.

the plaintiff knew and appreciated the obvious dangers involved both in entering the working area and in coming into close proximity with a descending automobile lift.

2. The plaintiff also contends that the judge abused his discretion as the judgment resulted from the application of the defense of assumption of the risk to an action which was tried under the 1969 statute establishing the doctrine of comparative negligence. The plaintiff argues that the complete bar to his recovery which resulted from the finding that he assumed the risk is contradictory to the scheme of partial recovery based upon relative degrees of fault created by the comparative negligence statute. He concludes that the 1969 comparative negligence statute should be construed as having abolished the doctrine of assumption of the risk as a defense independent of the defense of contributory negligence. Under that construction the plaintiff would not have been totally denied from recovering for his injury because the jury found that the defendant's negligence was greater than the plaintiff's negligence.

While there may be merit in the plaintiff's contention that in certain circumstances the operation of the doctrine of assumption of the risk is contradictory to the scheme of recovery established under the comparative negligence statute[7] (see Prosser, Torts § 68 [4th ed. 1971]; Smith, Comparative Negligence, 1969 Ann. Survey Mass. Law § 2.6; compare *DiIorio* v. *Tipaldi*, 4 Mass. App. Ct. 640, 645-646 [1976]), the plaintiff is in no position to complain of the hardship resulting from the application in this case of the doctrines which he now claims are contradictory. As those issues were not raised at trial, the judge was not required to pass on them on the motion for a new trial. *Ryan*

---

[7] The doctrine of assumption of the risk has been abolished in Massachusetts by a 1973 amendment to the comparative negligence statute. G. L. c. 231, § 85 (as appearing in St. 1973, c. 1123, § 1). Under § 2 of the 1973 statute, the doctrine has been abolished only as to those actions which have arisen on or after January 1, 1974. The 1973 statute has not been construed as having abolished the doctrine in relation to those actions which arose prior to the effective date of the statute. See *Wilson* v. *Boston Redevelopment Authy.*, 371 Mass. 841, 844 n.3 (1977).

v. *Hickey,* 240 Mass. 46, 48 (1921). *Mantho* v. *Nelson,* 285 Mass. 156, 158 (1934). The plaintiff was aware of the defendant's reliance on the defense of assumption of the risk from the time of the filing of the defendant's answer, yet he made no objection either to the judge's instruction or to the special question submitted to the jury on assumption of the risk. In view of the plaintiff's failure to object during trial to the application of the doctrine, we consider that assumption of the risk became the law of the trial. *Dalton* v. *Post Publishing Co.* 328 Mass. 595, 599 (1952). *Boothman* v. *Lux,* 349 Mass. 426, 428 (1965).

We hold, therefore, that the judge did not abuse his discretion in denying the motions, and we cannot agree with the plaintiff's argument that there will be a miscarriage of justice if the judgment is not reversed. See *Sharpe, petitioner,* 322 Mass. 441, 445 (1948).

*Judgment affirmed.*