STEPHEN F. DONOGHUE *vs.* HOLYOKE TRANSCRIPT — TELEGRAM PUBLISHING CO., INC. April 16, 1980. At the conclusion of the judge's charge to the jury in this libel action, the plaintiff requested certain amplifying instructions to the effect (in summary) that printed words are actionable if they tend to prejudice the plaintiff in connection with his profession, trade or occupation. *Lyman* v. *New England Newspaper Publishing Co.*, 286 Mass. 258, 261 (1934). *Lynch* v. *Lyons*, 303 Mass. 116, 118-119 (1939) (slander). Restatement (Second) of Torts § 573 & Comment c (1977). The judge thereupon gave the substance of the additional charge requested. The plaintiff's appeal is nothing more than a cavil that the judge did not give the requested instructions verbatim. A judge is under

no obligation to do so. *Narkin* v. *Springfield,* 5 Mass. App. Ct. 489, 492 (1977). Indeed, the better practice is not to read requests word for word to the jury, but to restate them in language easily understood by people of ordinary intelligence. *Herrick* v. *Waitt,* 224 Mass. 415, 416 (1916). The judge responded to a request for specific instructions "in a manner which substantially covers the particular point in question." *Varelakis* v. *Etterman,* 4 Mass. App. Ct. 841, 842 (1976). Looked at as a whole, inclusive of all of the supplementary instructions, the charge to the jury was a clear and accurate statement of the law. *Wilson* v. *Boston Redev. Authy.,* 366 Mass. 588, 591-592 (1975), *S.C.,* 371 Mass. 841 (1977). Finally, the elements of the charge about which the plaintiff objects spoke to the issue of liability. Since the jury returned a verdict for the plaintiff (albeit a humble one), the plaintiff suffered no harm from the charge, even were one to assume that it was faulty. See *Taub* v. *United States Trust Co.,* 303 Mass. 339, 342 (1939).

*Judgment affirmed.*

*Philip O'Brien, Jr.,* for the plaintiff.
*Raymond R. Randall* for the defendant.