## LYDIA C. TUTTLE *vs.* CITY OF LAWRENCE.

**Essex.** Nov. 3, 1875. — Jan. 4, 1876. COLT & MORTON, JJ., absent.

In an action against a city for injuries occasioned by a defective highway, if it appears that the plaintiff was driving at the time, and that there is an ordinance of the city prohibiting the driving of a vehicle in the streets of the city at a greater rate of speed than six miles an hour, the burden of proof is on the plaintiff, upon the issue of due care, to show that at the time of the injury he was not violating the ordinance.

In an action against a city for injuries occasioned by a defective highway, one issue was whether the plaintiff's horse was going at an improper rate of speed. A witness for the plaintiff testified, on cross-examination, that the horse was short-gaited, and looked as if he was travelling faster than he really did go. The defendant then asked the witness " What was his speed ? " not for the purpose of showing the specific speed at the time of the accident, but to show the horse's ability for speed, and to control the testimony of the plaintiff's witness in cross-examination. *Held,* that the refusal to allow this question to be put afforded the defendant no ground of exception.

In an action against a city for injuries occasioned by a defective highway, a witness who saw the plaintiff driving in a sleigh at the time of the accident, was asked if it was possible for the sleigh, at the angle it was crossing a railroad track, to have gone into an excavation, which was the alleged defect. *Held,* that the refusal to allow this question to be put afforded the defendant no ground of exception.

TORT for personal injuries occasioned by an alleged defect in a public street in Lawrence, called Essex Street, which the defendant was bound to keep in repair. Trial in the Superior Court, before *Brigham,* C. J., who allowed a bill of exceptions, in substance as follows :

The defect complained of was caused by the Merrimack Horse Railroad Company having laid tracks, under its charter and with the consent of the city of Lawrence, through Essex Street, said defect consisting of an excavation in the snow, caused by ploughing out the snow over said tracks for the purpose of running the cars of said company.

The plaintiff offered evidence tending to prove that on December 26, 1872, she was driving in a sleigh, the horse attached to which was driven by her son-in-law down Broadway, a street at right angles with Essex Street ; that she turned from Broadway into Essex Street, and near the corner crossed Essex Street diagonally, and while so crossing, the right hand runner of her sleigh sank into the excavation over the right hand rail of said

company, by means of which the sleigh was upset and she was injured. She also offered evidence tending to prove that the horse was driven at a moderate rate of speed, not exceeding five miles an hour.

The defendant contended and offered evidence that the horse was driven at a very much higher rate of speed, namely, at the rate of ten miles an hour, and that the injury received by the plaintiff was occasioned by driving at a high rate of speed, and that the sleigh was upset by coming quickly round the corner of Essex Street and Broadway.

One of the witnesses called by the plaintiff, on cross-examination, testified, that the horse was what is called a short-gaited horse, and that in travelling he looked as if he was going much faster than he really did go, and that he could not be possibly driven faster than at the rate of a mile in four minutes. The defendant's counsel thereupon proposed this question to the witness: "What was his speed?" Upon the plaintiff's objection, the judge would not permit this question to be answered. This evidence was offered, not to show the specific speed of the horse at the time of the accident, but to show the horse's ability for speed, and to control the testimony of the plaintiff's witness in cross-examination upon that subject.

The defendant called two witnesses who saw the plaintiff as she drove into Essex Street, and saw the course in which she drove across said Essex Street, and they were asked if it was possible for the sleigh, at the angle at which it was crossing the track, to have gone into the excavation aforesaid. The question was objected to, as incompetent in substance, and was excluded.

The defendant put in evidence an ordinance of the city, prohibiting the driving of any vehicle through any of its streets at a rate faster than six miles an hour, and offered evidence tending to prove that at the time of the accident the plaintiff was driving at a speed much higher than that allowed by the city under said ordinance. Upon the matter of this ordinance, the judge ruled, at the plaintiff's request, as follows: "The burden is upon the plaintiff to satisfy the jury, by a fair preponderance of the evidence, that at the time of the accident the driver of the vehicle was in the exercise of due care, that is, such care as a prudent man in

like circumstances would exercise ; but if the defendant claims that the plaintiff is barred of her right to recover, by the fact that the driver of the vehicle was violating an ordinance of the city of Lawrence, the burden is upon the defendant to show the facts necessary to show such a violation."

The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions.

*C. Saunders & C. G. Saunders*, for the defendant.

*W. S. Knox*, for the plaintiff.

ENDICOTT, J.   A city ordinance, prohibiting the driving of any vehicle in the streets of the city at a greater rate of speed than six miles an hour, is binding upon all persons driving within the city, as any statute or other law of the Commonwealth ; and to drive faster than the prescribed rate is a violation of law. *Heland* v. *Lowell*, 3 Allen, 407.   It appearing in this case that the city of Lawrence had passed such an ordinance, it was incumbent on the plaintiff to show that she was not violating it.   If at the time of the accident she was doing an unlawful act, and that unlawful act contributed to cause the alleged injury, she was not in the exercise of that due care which she is obliged to prove in order to recover.   The allegation of due care implies not only that the plaintiff was not negligent, but also that she was not acting in violation of law when the alleged injury occurred.   The fact of due care on the part of the plaintiff was directly in issue ; it was alleged in the declaration and denied in the answer.   On that issue the plaintiff had the burden of proof, and if she failed to sustain the burden, she must fail in her action. *Bosworth* v. *Swansey*, 10 Met. 363.   *Jones* v. *Andover*, 10 Allen, 18.   *Wright* v. *Malden & Melrose Railroad*, 4 Allen, 283, 290.   *Worcester* v. *Essex Merrimac Bridge*, 7 Gray, 457.   We are therefore of opinion that the learned judge erred in ruling that the burden of proof was on the defendant to show that the plaintiff was violating the city ordinance by driving more than six miles an hour when she met with the injury complained of.

We see no ground of exception to the rulings on the admissions of evidence.   It was clearly within the discretion of the presiding judge to limit the inquiry as to the speed that the horse was capable of going. *Stone* v. *Hubbardston*, 100 Mass. 49.   It was offered to contradict statements elicited on cross-examination, and

does not appear to have had any necessary bearing upon the rate of speed the horse was travelling at the time of the accident.

Nor was it proper to ask a witness, who saw the accident, if it was possible for the sleigh, at the angle at which it was crossing the horse railroad track, to have gone into the excavation. The witness was not asked to state what he saw, but to give his opinion as to what would happen or be likely to happen under given circumstances.

As the ruling on the burden of proof was erroneous, the entry must be *Exceptions sustained.*