JOSEPH SMITH *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     January 12, 1911. — March 2, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Conduct of trial.     *Witness,* Cross-examination.

Upon the cross-examination of the plaintiff in an action against a corporation for personal injuries, as in other cases, it is within the discretion of the presiding judge to determine how far he will permit the same questions to be repeated in the same or different forms or whether he will allow or will refuse to allow the previous questions and answers of the witness to be read over by the stenographer, and generally it is within his discretion to restrict within reasonable limits the length and extent of the cross-examination.

In an action of tort for personal injuries, where there is a difference in the contentions of the respective counsel as to what a certain witness said, it is right for the presiding judge to instruct the jury that they must determine for themselves what the testimony was.

TORT for personal injuries alleged to have been sustained by the plaintiff on June 17, 1907, by reason of the sudden starting of an open electric street car of the defendant when the plaintiff was in the act of boarding it as a passenger on Hanover Street near the corner of Battery Street in Boston. Writ dated August 14, 1907.

In the Superior Court the case was tried before *Bond,* J. There was evidence in behalf of the plaintiff tending to show that the plaintiff was in the exercise of due care and that the conductor of the defendant was negligent in ringing two bells and causing the car to start suddenly after it had come to a stop for the purpose of taking on passengers and when the plaintiff was in the act of getting upon the car and had put one foot on the running board. In behalf of the defendant there was evidence tending to show that the plaintiff was injured solely by reason of his own negligence in attempting to get upon the car while it was moving. The jury returned a verdict for the plaintiff in the sum of $2,500 ; and the defendant alleged exceptions relating solely to the conduct of the trial by the judge, as stated in the opinion.

A portion of the judge's charge, referred to in the opinion as correct, was as follows : " It is suggested that I say this to you, as to what the witness said; the answers of the witness to any questions and to all questions are matters solely for the jury. If

you did not hear what was said, some of you may have heard, and you can learn in that way what the others heard. Expressions by counsel as to what a person said, if they help you to remember, are of some use to you, but you do not take the statement of counsel, you do not take the statement of the court, as to what the testimony was if it does not help you to remember that it was the testimony. You take your own recollection, helped by counsel or in any other way, and act upon your own recollection of the testimony."

The case was submitted on briefs.

*F. Ranney & W. E. Monk,* for the defendant.

*D. H. Coakley & R. H. Sherman,* for the plaintiff.

SHELDON, J. The language of the judge during the cross-examination of the plaintiff gave the defendant no right of exception. It was within the discretion of the judge to determine how far he should permit the same questions to be repeated in the same or different forms, to allow or refuse to allow the previous questions or answers to be read over by the stenographer, and to restrict within reasonable limits the length and extent of cross-examination. We cannot say that he erred in either of these respects. *Commonwealth* v. *Nickerson,* 5 Allen, 518. *Rand* v. *Newton,* 6 Allen, 38. *Demerritt* v. *Randall,* 116 Mass. 331. *Jennings* v. *Rooney,* 183 Mass. 577, 579. *Commonwealth* v. *Coughlin,* 182 Mass. 558, 564. *Squier* v. *Barnes,* 193 Mass. 21, 25. *Partelow* v. *Newton & Boston Street Railway,* 196 Mass. 24, 32. This case does not resemble *De Forge* v. *New York, New Haven, & Hartford Railroad,* 178 Mass. 59, 64, and *Powers* v. *Bergman,* 197 Mass. 39, relied on by the defendant.

Nor can the exceptions to what was said to the jury be sustained. The whole case was left to the jury; and there is no contention that there was any error in the instructions (as there was in *Gardner* v. *Boston Elevated Railway,* 204 Mass. 213, and *Allen* v. *Kidd,* 197 Mass. 256) as to the plaintiff's right to recover or as to the measure of damages. They were told to determine for themselves what the testimony was. This was correct. *Commonwealth* v. *Walsh,* 162 Mass. 242. *Whitney* v. *Wellesley & Boston Street Railway,* 197 Mass. 495. *Plummer* v. *Boston Elevated Railway,* 198 Mass. 499, 514.

*Exceptions overruled.*