CAROLE C. OLSON *vs.* CHIPMAN ELA.

Middlesex.    April 5, 1979. — July 27, 1979.

Present: BROWN, GREANEY, & KASS, JJ.

*Evidence*, Opinion, Cross-examination, Bias. *Practice, Civil,* Comment by judge, Judicial discretion, New trial.

In an action seeking to recover damages for injuries sustained in an automobile accident, the judge did not err in excluding a question by which the plaintiff was asked to give her opinion as to what might have happened under a different set of circumstances. [167]
At the trial of an action seeking to recover damages for injuries sustained in an automobile accident, certain remarks by the judge, while better left unsaid, were not so prejudicial to the plaintiff as to require reversal. [167-169]
At the trial of an action seeking to recover damages for injuries sustained in an automobile accident, the judge did not err in excluding a question to the defendant's medical witness which was designed to elicit comment on the credibility of another medical witness nor in excluding questions as to whether the medical witness was being paid by the defendant for his testimony and as to how much he was being paid where the witness had already testified that he had been employed by the defendant to give an opinion at trial. [169-171]

The record of a civil action did not reveal any abuse of discretion in the judge's denial of the plaintiff's motion for a new trial. [171]

TORT. Writ in the Superior Court dated May 16, 1969.

The action was tried before *Faraci*, J., a District Court judge sitting under statutory authority.

*John D. Dwyer* for the plaintiff.

*John B. Tewksbury* for the defendant.

BROWN, J. By this action commenced in the Superior Court the plaintiff seeks to recover damages for injuries she sustained in an automobile accident involving her and the defendant. A jury returned a verdict in favor of the defendant, and the plaintiff appealed from the judgment entered thereon. We affirm.[1]

The accident occurred on Pleasant Street in Belmont, a four-lane street with two lanes of traffic travelling in both northerly and southerly directions. The plaintiff was proceeding in a northerly direction on Pleasant Street when she stopped to make a left turn into the parking area of a store. As she made her turn and was entering the parking area the right rear end of her automobile was hit by the defendant's automobile, which had been proceeding in a southerly direction on Pleasant Street. The parties dispute how much of the plaintiff's car remained extended into Pleasant Street when the collision occurred. The plaintiff contends that only one foot of the rear of her car extended into the street while the

---

[1] Permeating this entire appeal are the plaintiff's assertions that the conduct of the trial judge (e.g., she charges that he demonstrated disbelief in her credibility, showed hostility toward her attorney, and shielded the defendant and his medical expert witness from effective cross-examination) deprived her of the fair and impartial trial to which she was entitled. Compare *Commonwealth* v. *Williams*, 378 Mass. 217, 228 (1979). Although several unfortunate intemperate interchanges took place during the trial, we conclude that the conduct of the judge falls short of serious misconduct on his part, and does not necessarily indicate any partiality. See *Charles L. Hazelton & Son* v. *Teel*, 349 Mass. 617, 621 (1965). Compare *Harrington* v. *Boston Elev. Ry.*, 229 Mass. 421, 433 (1918). See generally *Commonwealth* v. *Haley*, 363 Mass. 513, 518-519 (1973).

defendant claims that at least half of the car extended into the street.

1. On re-redirect examination the plaintiff was asked: "But you recall [the defendant's counsel] having said . . . on cross-examination, re-cross, that if your car had waited another three or three and a half seconds, [the defendant's] car would have passed, do you recall that?" After the plaintiff answered in the affirmative, she was asked: "What would have happened if during the same three or three and a half seconds, the defendant had stopped his car?" The trial judge excluded this question on the ground that any response to it by the plaintiff would have been too speculative.

The judge's ruling was proper because the question did not seek to elicit facts observed by the witness but, instead, asked the witness to speculate as to what would have happened had the facts been different from what actually occurred. As a general rule a witness may testify only to facts that she has observed and may not give an inference or opinion based upon those facts. See *Barrie* v. *Quinby*, 206 Mass. 259, 265 (1910). As the jury here had heard testimony concerning all the events which led up to the accident, they were just as capable as the witness of deciding from these basic facts what would have happened had the defendant brought his car to a stop. See 7 Wigmore, Evidence § 1918 (3d ed. 1940). Thus, the judge did not err in excluding a question where the witness was not asked to testify as to what she had observed but was asked to give her opinion as to what may have happened under a different set of given circumstances. *Stewart* v. *Harvard College*, 12 Allen 58, 68 (1866). *Tuttle* v. *Lawrence*, 119 Mass. 276, 279 (1876). *Greene* v. *Corey*, 210 Mass. 536, 547 (1912).

2. The plaintiff argues that the judge committed error by making certain remarks during cross-examination of the defendant. The plaintiff's counsel sought to show that the defendant had stated in his deposition that an exhibit (exhibit 2) showed the position of the plaintiff's car at the

time of the collision. On direct examination the defend-
ant had testified that the position of the plaintiff's car
when the accident occurred was shown in another exhibit
(exhibit 3), which indicated that much more of the plain-
tiff's automobile was extending into the street than was
shown in exhibit 2. The plaintiff was apparently attempt-
ing to point out the discrepancy in the defendant's tes-
timony when, during the colloquy that ensued, the judge
said, "Well, I think that exhibit #3 explains it better
than exhibit 2. Exhibit 2 is absolutely, well, I won't com-
ment on exhibit 2, exhibit 3 shows the point of contact."
The plaintiff asserts that the judge's comments regarding
the evidence prejudicially influenced the jury and de-
prived her of a trial before an impartial judge.

Clearly, "parties to an action are entitled to a fair and
unprejudiced submission of the testimony and the issues
to the jury, without indication of the opinion of the judge
upon the weight or effect of evidence or as to who should
prevail upon any issue where a material fact is left in
doubt by the testimony or there are inferences to be
drawn from the facts in proof, save as such indication
may flow from a clear analysis of the evidence and
unbiased statements of testimony." *Federal Natl. Bank* v.
*O'Keefe*, 267 Mass. 75, 83 (1929). The plaintiff is also enti-
tled to conduct a reasonable cross-examination of the de-
fendant in order to test the credibility and truthfulness
to be attributed to his testimony. *Ott* v. *Board of Registra-
tion in Medicine*, 276 Mass. 566, 574 (1931). The question
for us is whether, from an examination of the entire rec-
ord, it appears that the plaintiff was denied her right to
a fair and impartial trial. See *Charles H. Hazelton & Son*
v. *Teel*, 349 Mass. 617, 621 (1965). Although the judge's
remarks would have been better left unsaid, after looking
at the entire record "we do not think that the judge's
words, so far as they carry a suggestion of what he
thought of [the exhibits], assuming that view was accept-
ed, can be ruled to have had such a prejudicial effect as
to require reversal." *Salter* v. *Leventhal*, 337 Mass. 679,

696 (1958). Compare *Runels* v. *Lowell Sun Co.*, 318 Mass. 466, 473 (1945).

If there was any prejudicial impact caused by the judge's remarks, we believe it was cured by his subsequent comments and his charge to the jury. *Partelow* v. *Newton & Boston St. Ry.*, 196 Mass. 24, 33-35 (1907). *Bernasconi* v. *Bassi*, 261 Mass. 26, 27-28 (1927). Following the plaintiff's objection to the remarks the judge responded by saying that the jury would have both exhibits and they "can make up their minds as to which is the point of contact." See *id*. The judge went on to make it clear that it was for the jury, not for him, to decide where the point of contact was. See *Smith* v. *Boston Elev. Ry.*, 208 Mass. 186, 187 (1911). In addition, in his charge to the jury, the judge emphasized that it was their responsibility to determine the facts in the case and that his only responsibility was to charge them as to the law.

3. The plaintiff also argues that the judge committed reversible error when he excluded several of the plaintiff's questions directed to the defendant's medical witness, Dr. Epstein, on cross examination. We do not agree. "The scope of cross-examination, including to what extent the accuracy, veracity, and credibility of a witness may be tested, rests largely in the sound discretion of the judge." *Commonwealth* v. *Makarewicz*, 333 Mass. 575, 593 (1956). And absent a showing of abuse of that discretion the judge's decision is not to be disturbed. *Commonwealth* v. *Shea*, 323 Mass. 406, 417 (1948). See *Jennings* v. *Rooney*, 183 Mass. 577, 579 (1903).

The judge excluded a question designed to elicit comment on the credibility of another medical doctor witness. The question was properly excluded, as no witness can give an opinion as to the honesty of another witness' testimony. See *Eastman* v. *Boston Elev. Ry.*, 200 Mass. 412, 413-414 (1909), and authorities cited.

Dr. Epstein went on to testify on cross-examination that he had been employed by the defendant to give an opinion at trial, based on his review of the hospital rec-

ord. When the plaintiff's counsel asked whether he was "being paid by the defendant for [his] testimony," defendant's counsel objected to the form of the question, and it was excluded by the judge. The plaintiff's counsel then asked, "How much are you being paid to come in and give this expert testimony, Dr.?" This question was also excluded. There was no error.

The plaintiff, of course, is entitled to show, if possible, that the witness was not disinterested, by showing that he had been employed by the defendant. *Dempsey* v. *Goldstein Bros. Amusement Co.*, 231 Mass. 461, 464 (1919). However, the extent to which a witness may be cross-examined is a matter for the discretion of the trial judge. *Wallace* v. *Taunton St. Ry.*, 119 Mass. 91, 93 (1875). *Commonwealth* v. *Makarewicz, supra* at 593. The rule is that "the pecuniary interest of a witness or his prejudice or bias in favor of the party calling him can always be shown, limited only as to the extent of the inquiry by the sound discretion of the trial judge." *Dempsey* v. *Goldstein Bros. Amusement Co., supra* at 464-465. *Jennings* v. *Rooney, supra* at 579. Here the plaintiff was not deprived of an opportunity to show bias of the witness. She was permitted to show that the witness was to be compensated for giving his expert opinion at trial. Further, the judge did not exclude all questions directed to the issue of the witness' bias. The defendant's objections were not directed to the scope of the inquiry, but only to the form of the plaintiff's questions. And "[w]hether the question was objectionable as to form or as to relevancy, was for the judge to decide." *Commonwealth* v. *Slaney*, 345 Mass. 135, 142 (1962). Nothing in the record suggests that the plaintiff's counsel could not continue the same line of questioning by merely rephrasing his questions. "The judge made no 'unequivocal adverse ruling' against a line of questioning, as in *Commonwealth* v. *Graziano*, 368 Mass. 325, 330 (1975), nor did he exclude 'the total inquiry by his several rulings,' as in *Commonwealth* v. *Ahearn*, 370 Mass. 283, 287 (1976) .... [C]ounsel could have pur-

sued the point, but he chose not to." *Commonwealth* v. *Cheek*, 374 Mass. 613, 615 (1978). We therefore conclude that the judge committed no error in excluding the plaintiff's questions.

4. The trial judge did not err in denying the plaintiff's motion for a new trial. Whether to allow or deny a motion for a new trial is a matter for the judge's discretion. We find nothing in the record to indicate that there was an abuse of that discretion or a clear error of law requiring reversal of the judge's decision. *Saeli* v. *Mangino*, 353 Mass. 591, 593 (1968). *Kaltsas* v. *Duralite Co.*, 4 Mass. App. Ct. 634, 639-640 (1976). *Eva-Lee, Inc.* v. *Thomson Gen. Corp.*, 5 Mass. App. Ct. 823, 823-824 (1977). *Forte* v. *Muzi Motors, Inc.*, 5 Mass. App. Ct. 700, 701-702 (1977).

*Judgment affirmed.*