JAMES J. MCCORMICK *vs.* THE B. F. GOODRICH COMPANY. August 15, 1979. By this action the plaintiff seeks to recover for injuries he sus-

tained in a motor vehicle accident, allegedly caused by the inadequacy of the tires sold by the defendant for use on a truck driven by the plaintiff. The case was tried in the Superior Court before a judge and jury. The judge allowed, in part, the defendant's motion for a directed verdict. The remaining issues were submitted to the jury in the form of special questions. On the basis of the jury's answers the judge entered judgment for the defendant. The plaintiff appeals from that judgment.

The plaintiff was employed as a plumber for John B. McCormick Sons, Inc., a closely held corporation owned by the plaintiff and his two brothers. On July 7, 1970, one of the plaintiff's brothers drove the company's 1963 Chevrolet half-ton pickup truck to the defendant's store in Springfield, Massachusetts, where he purchased four "B. F. Goodrich Longmiler" tires for the truck. The tires were selected and mounted on the truck by the defendant's employees. On October 22, 1970, the plaintiff was driving the truck on a wet road surface. As he drove around a slight curve in the road the truck began to sway and fishtail. The truck hit the curb of the sidewalk and overturned, causing the plaintiff's injuries.

1. At the close of the evidence the defendant moved for a directed verdict, which was granted in part. There was no error.

a. The record shows that the plaintiff explicitly assented to the allowance of the motion as to Count IV. (Counts II & VI are not at issue here, as each was voluntarily dismissed with prejudice at trial.)

b. With respect to Counts I and V the judge allowed the motion for a directed verdict only to the extent that it purported to allege defective design, manufacture or material. The plaintiff agreed with the judge at the hearing on the motion that there was no evidence to support a finding "that the tires were defective in design or construction or material." "Where a party causes the judge to understand that certain facts are admitted or that certain issues are waived or abandoned he cannot object to the judge's conducting the trial on the basis of that understanding." *Dalton* v. *Post Publishing Co.*, 328 Mass. 595, 599 (1952).

c. The judge further ruled that "[t]o the extent [Counts I and V] allege unsuitability or lack of fitness or unreasonable risk of danger, they are subsumed under Counts III and VII." Plaintiff claims that this ruling was incorrect. As we understand the plaintiff's argument in this context to be that these counts alleged that the defendant failed "to use reasonable care in the selection of the [particular] product" (see e.g., Restatement [Second] of Torts § 401, Comment f & Illustration 4 [1965]; but see *id.* at § 290, Comment f & § 299A), we think the judge adequately covered this theory of recovery in his charge on Counts III and VII. In any event, if there was error in this aspect of the case, it was harmless given the fact that the jury found adversely to the plaintiff on the issues of foreseeability (compare Restatement [Second] of Torts § 401, Comment b [1965]) and proximate cause. See *Streeton* v. *New York, N.H. & H.R.R.*, 198 Mass. 573, 575 (1908).

2. There is no merit in any of the plaintiff's claims of error in the judge's instructions to the jury.

a. The record reflects that the judge clearly indicated to the parties that he intended to submit the case to the jury on the issues of (1) negligent failure to warn and (2) breach of implied warranty of fitness for a particular purpose. See Prosser, Torts § 95, at 632 (4th ed. 1971). The judge submitted those issues to the jury on special questions (see Mass.R.Civ.P. 49[a], 365 Mass. 812 [1974]), and instructed them accordingly. *Charles Hazelton & Son* v. *Teel,* 349 Mass. 617, 620 (1965). "In such a case, a judge is required to give only such instructions as are necessary to enable the jury to understand their duty relative to answering the question[s] submitted." *Id.* The charge in this regard was proper.

b. When the judge had completed his charge to the jury the plaintiff requested that the charge be supplemented by "instructing in the language of the [*Schaeffer* v. *General Motors Corp.,* 372 Mass. 171 (1977)] case with regard to the fact of whether or not the other tires, particularly those that have been argued this morning, would have a limiting of the risk." If the plaintiff is now claiming that the above quoted reference to the *Schaeffer* case was sufficiently distinct to cause the judge to instruct the jury (see part 2[c] below) that the seller is under a duty to warn of unreasonable dangers involved in the use of the product (see *id.* at 173-174), there was no error as such an instruction was in fact given. If, as appears more likely, plaintiff's claim now is that that particular request entitled him to an instruction that "the fact that similar products in the same situation might create the same risk does not relieve the defendant of his duty to warn," we think the judge could (and did) correctly decline to give such an instruction on the ground that it dealt with only a fragment of the evidence. *Sullivan* v. *John Hancock Mut. Life Ins. Co.,* 342 Mass. 649, 657 (1961). See *Ball* v. *Forbes,* 314 Mass. 200, 204 (1943). See also *Nelson* v. *Economy Grocery Stores Corp.,* 305 Mass. 383, 386-387 (1940). "A trial judge is not required to grant requests for instructions to a jury as to the legal effects of portions of the evidence or of subsidiary facts bearing upon a particular issue, when such evidence or facts are not decisive of the issue." *Tookmanian* v. *Fanning,* 308 Mass. 162, 168 (1941). *Barnes* v. *Berkshire St. Ry.,* 281 Mass. 47, 50-52 (1932), and cases cited. The only evidence in the record on the question whether other tire models would have minimized the risk of an accident came from the plaintiff's expert witness. He testified that he would have put a heavier tire than the "Longmiler" on the plaintiff's truck "because it eliminates a lot of the possibility of the steering or swerving or sliding on a slippery road." But he also testified that the effect of a heavier tire would be only to reduce the truck's fishtailing and not to eliminate it. He concluded that even if the plaintiff's truck had been provided with one of the defendant's heavier tires, the accident here in question probably still would have occurred. In short, the charge as given was adequate in all material respects. See *Murray* v. *Rivers,* 174 Mass. 46, 54 (1899).

c. We decline to consider the plaintiff's additional contentions concerning the judge's instructions because of his failure to object to the

charge in accordance with Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). See *Narkin* v. *Springfield*, 5 Mass. App. Ct. 489, 491 (1977). The plaintiff was entitled to, and the judge gave, a charge providing an adequate and accurate statement of the law for the guidance of the jury. See *Squires* v. *Fraska*, 301 Mass. 474, 476 (1938). Compare *Hughes* v. *Whiting*, 276 Mass. 76, 79 (1931). If the plaintiff desired additional instructions or the correction of an erroneous instruction, it was his obligation to bring these matters to the judge's attention by making an appropriate objection. *Worcester* v. *Eisenbeiser*, 7 Mass. App. Ct. 345, 349 (1979). The plaintiff cannot assert now that portions of the judge's charge were inadequate where .he made no proper objection to the giving or omission of a particular instruction during the trial. *Narkin* v. *Springfield, supra.*

3. There was no abuse of discretion by the judge in the denial of the plaintiff's motion for a new trial. *Saeli* v. *Mangino*, 353 Mass. 591, 593 (1968). See *Palma* v. *Racz*, 302 Mass. 249, 250 (1939); *Forte* v. *Muzi Motors, Inc.*, 5 Mass. App. Ct. 700, 703 (1977).

*Judgment affirmed.*

*Order denying motion for new trial affirmed.*

*John J. Egan* for the plaintiff.
*William M. Shattuck* for the defendant.