THEODORE R. ADAMS *vs.* YELLOW CAB CORPORATION OF BOSTON & BROOKLINE. September 3, 1981. In this suit for personal injuries sustained while the plaintiff was in a taxicab, the defendant sought to defend on the ground that there was no evidence that the cab belonged to it. The defendant appeals from a judgment after a jury verdict for the plaintiff.

We are constrained to reverse. An examination of the record as a whole shows that the trial judge did not fulfil his role as an impartial magistrate. His repeated jibes at defense counsel held the latter up to scorn and ridicule and could not have failed to leave the jury with the impression that the plaintiff should prevail. Such conduct is subject to serious criticism and warrants a new trial. *Federal Natl. Bank* v. *O'Keefe*, 267 Mass. 75, 83 (1929). *Ott* v. *Board of Registration in Medicine*, 276 Mass. 566, 574 (1931). *Clapp* v. *Haynes*, 11 Mass. App. Ct. 895 (1980). See *Olson* v. *Ela*, 8 Mass. App. Ct. 165, 167-168 (1979); *Gauntlett* v. *Medical Parameters, Inc.*, 10 Mass. App. Ct. 88, 94 (1980).

The most egregious episode occurred at the beginning of the trial when defense counsel, after objecting to the admission of certain records of the hackney division of the Boston police department, asked, "May I be heard at the bench?"

THE COURT: "No, no, no, no, no, no. What do you want to hide from the jury?"

COUNSEL: "Pardon me?"

THE COURT: "What do you want to hide from the jury?"

COUNSEL: "Judge, with all due respect to the Court, I didn't say I wanted to hide anything from the jury."

THE COURT: "Well, why do you want to see me at the bench?"

It should be obvious that when counsel follows the correct method of voicing an objection and seeks to approach the bench to state his grounds, see Mass.R.Civ.P. 46, 365 Mass. 811 (1974), the judge should not suggest that counsel is trying to keep the facts from being presented to the jury. See *Etzel* v. *Rosenbloom*, 83 Cal.App.2d 758, 762 (1948); *Allen* v. *Kidd*, 197 Mass. 256 (1908)(improper intimation that plaintiff was stubborn and brought suit for spite).

The record is replete with other inappropriate judicial comments. For example, the judge indicated to defense counsel that he did not want to hear matters at the bench unless "awfully prejudicial," saying, "I hope you're right that it is prejudicial, because I hate getting up and walking." When plaintiff's counsel objected to a question of defense counsel, the judge ruled, "sustained," adding derisively, "What the little boy told the little girl told the little boy told the little girl told her is not evidence here." On another occasion, the judge invited the plaintiff's counsel to object and when the objection was made, again repeated, "All right. I'll sustain the objection. What the little boy told the little girl told the little boy told the little girl . . . ."

These intemperate remarks, objected to by counsel, were not made the subject of a special curative instruction, compare *Olson* v. *Ela*, 8 Mass. App. Ct. at 168, and were not harmless. They not only impermissibly invaded the integrity of the jury's fact-finding function by indicating the views of the trial judge, but they seriously hampered defense counsel in presenting his case. We need not resolve whether counsel's efforts on cross-examination were in proper form as we consider the failures by counsel to be due in large part to his being harassed by the judge. Needless to say, the judge's function is not to render counsel ineffective.

We do not consider other issues as they are unlikely to recur at a new trial.

*Judgment reversed.*

*John C. Ottenberg* for the defendant.
*Richard B. Parker* for the plaintiff.