ROBERT ANDRAS, JR., & another *vs.* PAUL MARCYONIAK. April 21, 1982. Andras and his father brought this action against the defendant. In separate counts, Andras sought damages for injuries alleged to have been caused by the defendant's negligence, and his father sought damages for medical expenses paid for his son in connection with the injuries. In empanelling the jury on June 3, 1980, the judge ruled that the plaintiffs were entitled to five peremptory challenges: four under G. L. c. 234, § 29, as appearing in St. 1979, c. 344, § 10, plus one additional challenge because fourteen jurors were empanelled, as provided by Mass.R.Civ.P. 47(b), 365 Mass. 812 (1974). The jury returned a verdict for the defendant and judgment was thereafter entered on the verdict. The plaintiffs' motion for a new trial was denied. The plaintiffs appealed, arguing that the judge's ruling gave them fewer than the required number of peremptory challenges, and that this defect constitutes reversible error.

Since there are two plaintiffs in the case, with separate claims, there is no question that Andras and his father were each entitled to four peremptory challenges under G. L. c. 234, § 29, as amended, and one additional challenge under Mass.R.Civ.P. 47(b). *Kabatchnick* v. *Hanover-Elm Bldg. Corp.*, 331 Mass. 366, 369-370 (1954). There is also no question that the right to exercise peremptory challenges "is a valuable one, and where, as here, a party is deprived of its exercise he has a just cause of complaint." *Id.* at 370-371, and cases cited. It does not necessarily follow, however, that the denial of the correct number of peremptory challenges constitutes by itself ground for reversal in this case.

As an initial matter, it is not clear that the plaintiffs' objection to the judge's ruling was sufficiently specific to preserve the point for review. During the colloquy which took place after fourteen prospective jurors were presented for questioning, plaintiffs' counsel did not call to the judge's attention that the number of peremptory challenges had been miscalculated. At that juncture, counsel for the plaintiffs was advised by the judge that his challenges "are limited to five [there] being fourteen [jurors]," to which he merely responded "[c]ounsel wishes to reserve his rights." A more complete and straightforward explanation by plaintiffs' counsel at this point might well have averted the problem and this appeal.

Even if we give the plaintiffs the benefit of the doubt on the adequacy of the objection, however, a new trial is not required. After the first fourteen prospective jurors were presented, and before the plaintiffs exercised any challenges, the defendant volunteered that he was content with the jury. Cf. Rule 6 of the Superior Court (1974). The plaintiffs then exercised four peremptory challenges, and were also permitted one challenge for cause. When those jurors were replaced, the plaintiffs stated that they were satisfied with the jury, as did the defendant. At this point, how-

ever, the plaintiffs still possessed one peremptory challenge which they had not exercised. Even in light of the judge's ruling, that fact is not explained by the plaintiffs' argument that their counsel had held one challenge in reserve in case they were presented with a juror whom they definitely wished to excuse. Since this was, in any event, the plaintiffs' last chance to use that challenge, we can assume that it was a matter of choice not to do so. Thus, since the plaintiffs did not even exhaust all the challenges which they were allowed, the judge's failure to allow more was harmless error in the circumstances. "[A] refusal to allow the proper number of peremptory challenges [is] regarded as immaterial in the absence of a showing that the party affected was required to accept one or more jurors whom he wished to challenge" (*Tamburello* v. *Welch,* 392 S.W. 2d 114, 116 [Tex. 1965]), or in the absence of a showing that the ruling affected the jury's verdict in some material way. *Id.* at 117-118. See *Upchurch* v. *Barnes,* 197 So. 2d 26, 27-28 (Fla. Dist. Ct. App. 1967). Cf. *Rickett* v. *Hayes,* 256 Ark. 893, 895-896 (1974). While we are mindful of Federal cases which have discussed this question on facts different from those presented here (see *United States* v. *Turner,* 558 F.2d 535, 537-538 [9th Cir. 1977]; *Carr* v. *Watts,* 597 F.2d 830, 832-833 [2d Cir. 1979]; compare *John Long Trucking, Inc.* v. *Greear,* 421 F.2d 125, 127-128 [10th Cir. 1970]; *Beard* v. *Mitchell,* 604 F.2d 485, 500 [7th Cir. 1979]), we believe that our own cases, which state views analogous to those expressed in the *Tamburello* decision, support the conclusion that the error here was harmless. See *Commonwealth* v. *Nassar,* 351 Mass. 37, 40-41 (1966); *Commonwealth* v. *Smith,* 357 Mass. 168, 172-173 (1970); *Commonwealth* v. *Tropeano,* 364 Mass. 566, 567-568 (1974); *Commonwealth* v. *Amazeen,* 375 Mass. 73, 83-84 (1978). To the extent that the motion for a new trial rested on the issue discussed above, it was properly denied as an exercise of discretion. See *Galvin* v. *Welsh Mfg. Co.,* 382 Mass. 340, 342-344 (1981); *Forte* v. *Muzi Motors, Inc.,* 5 Mass. App. Ct. 700, 701-702 (1977).

*Judgment affirmed.*

*Order denying motion for a new trial affirmed.*

*Louis Kerlinsky* for the plaintiffs.
*Robert L. Leonard* for the defendant.