PERIHAN A. ROSENTHAL & another[1] *vs.* RICHARD WECKSTEIN. January 17, 1985. *Practice, Civil,* Comments by judge, Challenge of jurors. *Evidence,* Photograph, Relevancy and materiality.

The plaintiffs, wife and husband, brought this action for damages for personal injury (loss of thumb of right hand of Perihan) and for loss of consortium[2] arising out of an accident which occurred while the defendant and another attempted to jumpstart the defendant's automobile. A Superior Court jury returned verdicts[3] for the defendant, and the plaintiffs appeal from the ensuing judgments.

1. After the plaintiffs had struck four consecutive male jurors by peremptory challenge,[4] the judge remarked in the presence of the prospective jurors: "For the record, I noticed they were all men that you challenged. You might be creating a Soares problem. I'm just pointing it out."[5] Respond-

---

[1] Stuart Rosenthal.

[2] The plaintiffs' motion to amend the complaint to add a count expressly claiming damages for loss of consortium was denied on the first day of trial. The judge apparently thought the inartfully drawn second count of the complaint was sufficient to raise the claim. See *Nader* v. *Citron,* 372 Mass. 96, 98 (1977). Evidence on the issue was admitted over the defendant's objection, and the judge instructed the jury on loss of consortium as an element of damages. In view of our disposition it is unnecessary to consider whether the claim was properly before the jury.

[3] In a special verdict as to Perihan's claims, the jury found that the defendant was not negligent.

[4] See G. L. c. 234, § 28; Rule 6 of the Superior Court (1974). "[P]eremptory challenges . . . [permit a litigant to] have a juror withdrawn who in his opinion because of bias, prejudice, or some other personal characteristic, is not inclined to look with favor upon him or upon the nature of the controversy, where he lacks sufficient grounds to support a challenge for cause." *Kabatchnick* v. *Hanover-Elm Bldg. Corp.,* 331 Mass. 366, 370 (1954).

[5] *Commonwealth* v. *Soares,* 377 Mass. 461, 486, cert. denied, 444 U.S. 881 (1979), proscribed: "the intentional use of peremptory challenges to exclude prospective jurors solely by virtue of their membership in, or affiliation with, particular, defined groupings in the community." We do not decide here "whether the restrictions imposed on the exer-

ing to the plaintiffs' objection to this comment, the trial judge added: "You can't challenge all the blacks. And you can't challenge all the women.[6] That's what the Soares case does." The plaintiffs' motion for a mistrial was denied.

The plaintiffs argued to the judge and on appeal that these comments prejudicially suggested to the prospective jurors that the plaintiffs' peremptory challenges were motivated by sex discrimination. They argue for the first time on appeal that these remarks chilled the exercise of their four remaining peremptory challenges. "[A] nonjurisdictional issue not presented at the trial level need not be considered on appeal." *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977).[7] The prospective jurors had observed the plaintiffs' peremptory challenges which excluded four of the five men originally seated. The judge's comments, although they would have been better made at side-bar, were an attempt to avert what the judge perceived to be a possible misuse of peremptory challenges. See *Terrio* v. *McDonough,* 16 Mass. App. Ct. 163, 169-172 (1983). We think the remarks could not have resulted in any greater prejudice than that which might have flowed from the jurors' common sense interpretation of the plaintiffs' challenges. In any event, when jury selection was concluded the plaintiffs' counsel answered in the affirmative to the clerk's question: "Is plaintiffs' counsel content?"[8]

Even if we were to consider the point properly raised, we are not persuaded that the deprivation (or chilling) of the right to peremptory challenges may be inferred in the circumstances from the failure of the plaintiffs to exercise the four remaining challenges following the judge's admonition. After the four new jurors were seated, the plaintiffs' counsel made no inquiry of the judge about further peremptory challenges and, as noted, indicated his satisfaction with the composition of the jury.

2. We have considered the plaintiffs' numerous allegations of error in the judge's evidentiary rulings and conclude that they are without merit, as the evidence excluded was either cumulative or irrelevant, or the questions called for answers outside the witnesses' personal knowledge. We discuss only the exclusion of a photograph of a gap between the raised hood and the body of the defendant's car. A photograph is admissible in evidence if verified by a witness that it is a true and fair representation of the subject matter at issue at the relevant time. *Howe* v. *Boston,* 311 Mass. 278, 281

---

cise of peremptory challenges in criminal cases apply in civil cases or some civil cases." *Terrio* v. *McDonough,* 16 Mass. App. Ct. 163, 172 (1983).

[6] The judge obviously intended to refer to "men."

[7] There were two plaintiffs in the case with separate claims. See note 2, *supra*. They were therefore entitled to four peremptory challenges each under G. L. c. 234, § 29. *Andras* v. *Marcyoniak,* 13 Mass. App. Ct. 1043 (1982).

[8] The jury first seated consisted of five men and seven women. The jury who heard the case comprised three men and nine women.

(1942). See McCormick, Evidence § 214 (3d ed. 1984). The sufficiency of a photograph's verification is a question of fact committed to the discretion of the trial judge, *Everson* v. *Casualty Co. of America,* 208 Mass. 214, 219 (1911); *Hazelton & Son* v. *Teel,* 349 Mass. 617, 622 (1965), and even if found to be adequately verified remains "governed by the rules of law as to admissibility of relevant evidence," *Howe* v. *Boston, supra* at 281-282. See McCormick, *supra,* note 4; Liacos, Massachusetts Evidence 403 (5th ed. 1981). "So far as . . . [a photograph's] admission or exclusion may be a matter of discretion . . . [the trial judge's] action will not be revised unless plainly wrong." *Horowitz* v. *Bokron,* 337 Mass. 739, 742-743 (1958), and cases cited therein.

The plaintiffs attempted to introduce the photograph through the defendant. He testified that the photograph was not a fair and accurate representation of the area observed by him through the gap on the morning of the injury, although he did concede that the photograph represented the gap. To the extent that the defendant testified that the photograph did not portray the area he could observe, it was correctly excluded. To the extent that he identified it as a gap unrelated to his field of vision, it was irrelevant and, thus, inadmissible.

3. "[P]arties to an action are entitled to a fair and unprejudiced submission of the testimony and the issues to the jury." *Federal Natl. Bank* v. *O'Keefe,* 267 Mass. 75, 83 (1929). *Olson* v. *Ela,* 8 Mass. App. Ct. 165, 168 (1979). *Gauntlett* v. *Medical Parameters Inc.,* 10 Mass. App. Ct. 88, 94 (1980). *Adams* v. *Yellow Cab Corp.,* 12 Mass. App. Ct. 931 (1981). Decisions which are the product of judicial conduct lacking in impartiality and reflective of a closed and biased state of mind "must ordinarily be held to be clearly wrong." *Ott* v. *Board of Registration in Medicine,* 276 Mass. 566, 576 (1931). See *Olson* v. *Ela, supra* at 168. Whether there has been a denial of the right to a fair and impartial trial must be determined by an examination of the record in its entirety. *Hazelton & Son* v. *Teel, supra* at 621.

Our examination of the transcript as a whole fails to disclose a denial of the right to a fair and impartial trial. There was no error in the judge's repeated exhortations to the defendant to limit his testimony to events he had observed or remembered. These admonitions were justified as the defendant repeatedly testified about events he had not witnessed or could not recollect. See 2 Wigmore, Evidence § 658 (3d ed. 1940).

We do note with concern certain comments made by the judge in the presence of the jury. The judge twice remarked, "If it's not being admitted for the truth, we don't want falsehoods," in response to the plaintiffs' counsel's explanation that certain testimony of Perihan was not being offered for the truth of the matter asserted.[9] On one occasion when the plaintiffs' counsel asked for permission to make an offer of proof as to the defendant's

---

[9] The evidence plaintiffs' counsel was trying to elicit in these instances went to the issue of damages which the jury did not reach.

testimony (the defendant was the plaintiffs' witness), the judge remarked, in apparent frustration at the defendant's propensity for testifying about the state of mind of others or to events of which he had no personal knowledge: "All right, go ahead but just remember how he knows things. A voice talks to him from above or something. I don't see how that's relevant to anything, his hearing voices in the dark." These comments were gratuitous and improper. In his evenhanded charge to the jury the judge stated that the jury were not to consider anything he said as evidence and instructed them on their role as exclusive determiners of credibility. "The remarks of the judge isolated from the transcript as a whole may appear somewhat intemperate, but considering them in the context in which they were uttered and viewing the record in its entirety we cannot say that the . . . [plaintiffs] were denied their right to a 'fair and impartial trial.'" *Hazelton & Son* v. *Teel, supra* at 621. See *Olson* v. *Ela, supra* at 168. The transcript does not of course reflect the manner or tone of the judge, but we think any prejudice was, in the circumstances, speculative.

*Judgments affirmed.*

*Deirdre H. Harris* (*John W. Brister* with her) for the plaintiffs.
*Irene Dwyer Emerson* for the defendant.