McHugh, J.
This is a negligence and “liquor liability" case. Plaintiff, Edward Callahan,[1] was a pedestrian struck by an automobile driven by defendant, Richard Ledoux, after Mr. Ledoux had been served liquor by defendant, Ground Round. The jury concluded that plaintiff and both defendants were negligent, that all of the negligence was causally related to the accident and that plaintiffs negligence was 85% responsible for the accident while the defendants’ combined negligence was 15% responsible. The jury, which had not been instructed as to the consequences of that apportionment of liability, then awarded damages in the amount of $50,000. Plaintiff now has moved for a new trial.
I. APPLICABLE LAW
In ruling on a motion for a new trial, the trial judge cannot simply act as a thirteenth juror. See Clapp v. Haynes, 11 Mass.App.Ct. 895, 896 (1980) quoting Borras v. Sea-Land Serv., Inc., 586 F.2d 881, 887 (1st Cir. 1978). Instead, the trial judge may “set aside the verdict only if he [or she] is satisfied that the jury failed to exercise an honest and reasonable judgment in accordance with controlling principles of law.” Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 59 (1948). In other words, the question to be faced when the trial judge is presented with a motion for a new trial is whether allowance of the motion is necessary to prevent a failure of justice. Davis v. Boston Elevated Railway Co., 235 Mass. 482-96 (1920). In ruling on the motion, the trial judge “may, and indeed should, judge credibility and weigh conflicting evidence.” J. Smith & H. Zobel, Rules Practice, 8 Mass. Prac. Series 442 (1977). In the last analysis
[a] motion to set aside a verdict as against the evidence is addressed to the sound discretion of the judge. “It is the right and duty of a judge presiding at the trial of a civil case to set aside the verdict of a jury when in his [or her] judgment it is so greatly against the weight of the evidence as to induce in his [or her] mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice.”
Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 802 (1987).
II. DISCUSSION
Plaintiffs first contention is that the verdict the jury returned was so strongly against the weight of the credible evidence that it amounted to a miscarriage of justice and should be set aside. I disagree.
The jury clearly found that the defendants’ negligence contributed to the accident. There was evidence to support that finding. But there was also evidence from which the jury could have concluded that the plaintiff was highly intoxicated at the time of the accident, indeed that he was intoxicated to the point where he would barely have been able to remain upright or exercise any care for his own safety. There was evidence from which a jury could have concluded that, in his highly intoxicated condition, he walked diagonally across a main, four-lane thoroughfare at night with his back to the direction from which traffic was coming. The jury could well have concluded that the defendant was driving within the speed limit and operating his automobile properly before the accident and that the effects of his intoxication were minimal.
The conclusions just recited are not simply conclusions the evidence would support if that evidence were *654 viewed, as it now must be, from the vantage of the verdict winner. See, e.g., Boothby v. Texon, Inc., 414 Mass. 468, 470 (1993). Although other and contrary findings are warranted by the evidence, those are conclusions the evidence solidly supports.
When the evidence is viewed in that fashion, the verdict is not against its clear weight. Contrary to plaintiffs suggestion, this is not a case in which a jury-concluded that a drunken person who chose to walk home was more negligent than a drunken person who chose to drive. It is instead a case in which the evidence would amply have supported a jury’s conclusion that a person who walked across a four-lane thoroughfare at night with his back to the traffic in a state of nearly insensible drunkenness was far more negligent than a person who, although intoxicated to a degree that was difficult to detect, was operating his vehicle in an outwardly unremarkable fashion at the time the accident occurred.
Damages are a different story. Even discounting completely the evidence of plaintiffs diminished earning capacity — and the evidence surely and amply supported the jury’s deep discount with respect to all testimony concerning diminished earning capacity— the jury’s award was unduly meager. There is no doubt, and was none at trial, about the causal relationship between the injuries plaintiff suffered, and from which he continues to suffer, and the accident. In fact, neither that causal connection nor the amount of the medical bills was seriously contested during the trial. Fifty thousand dollars simply does not begin to comport with the weight of the evidence as to damages for medical expenses alone, to say nothing of medical expenses combined with pain and suffering.
I am aware that a grossly inappropriate damage award may indicate something fundamentally wrong in the jury’s approach to liability. Freeman v. Wood, 379 Mass. 777, 785-86 (1980). I am not persuaded that that is so here. Indeed, the jury’s approach to damages in this case more likely reflects an unwillingness to make a significant damage award to a person whom it had concluded was overwhelmingly responsible for his own injuries. That is not to say that what the jury did regarding damages was proper; it was not. It is to say that the impropriety of the jury’s approach to damages does not, in my view, infect its approach to liability.
If the jury’s conclusions about liability, standing alone, presented a close question, its handling of damages might persuade me to exercise discretion in favor of ordering a new trial both as to damages and as to liability. In my view, however, the jury’s liability conclusions did not present a close question. The jury’s disposition of damages therefore does not furnish an occasion for upsetting what it did with respect to liability.[2]
Finally, I am of the opinion that the instructions I declined to give were properly declined for the reasons stated at the time. I am also of the opinion that the evidentiary rulings I made were proper and see no reason to revisit them here.
There is no question but that this was a tragic and terrible accident. There is no question about the disastrous impact it has had on plaintiffs life. One would have to have a heart of stone to look without enormous sympathy at plaintiffs present condition and the struggle he must make simply to perform the daily activities most of us take for granted. But the jury’s conclusion as to responsibility for plaintiffs condition was solidly grounded in the evidence presented at trial and, under our system, the jury has the final say on that score.
ORDER
In light of the foregoing, it is hereby ORDERED that plaintiffs’ motion for a new trial should be, and it hereby is, DENIED.

Mr. Callahan’s mother is the other plaintiff. Her claim, though, rises or falls with her son’s. For that reason, I shall refer to Mr. Callahan throughout this Memorandum as “the plaintiff.”

I decline to enter a conditional order for an additur or a new trial as to damages. If an error requiring a new trial occurred, it is appropriate that the entire case be retried.